[Department Two. — July 27, 1883.]

# GEORGE H. CHESTER, RESPONDENT, v. THE BAKERSFIELD TOWN HALL ASSOCIATION, APPELLANT.

ESTOPPEL — JUDGMENT — PRIOR PURCHASER. — A judgment in ejectment is not a bar as against one to whom the property was conveyed prior to the commencement of the action, and who was not made a party to it.

EVIDENCE — MOTION TO STRIKE OUT. — A motion to strike out evidence because it is irrelevant and immaterial, should not bo granted unless it is clearly of that character.

UNDERTAKING ON APPEAL. — On an appeal both from a judgment and from an order denying a new trial, but one undertaking is required.

APPEAL from a judgment of the Superior Court of Kern County, and from an order refusing a new trial.

This was a bill to quiet title. On the 21st of October, 1878, the Bakersfield Town Hall Association commenced an action of ejectment in the district court against one Julius Chester to recover possession of a lot of land, of which the premises now in controversy are a part. The respondent George H. Chester then held the legal title to the property, and was not made a party to the action. In that action judgment was rendered in favor, of the plaintiff, which was afterwards affirmed by the Supreme Court.

The other facts are stated in the opinion of the court. ·

*Flournoy, Mhoon, & Flournoy,* and *W. J. Tuska,* for Appellant.

*Stetson & Houghton,* and *C. C. Cowgill,* for Respondent.

PER CURIAM. — The plaintiff alleges in his complaint that he is the owner in fee simple of certain premises described in his complaint, and that at the time of the filing of said complaint he is, and for more than three years immediately preceding the filing thereof has been, in the actual, quiet, and exclusive possession of said premises, and that the defendant claims some right, title, or interest therein adverse to the plaintiff, and that said claim of the defendant is without any right, etc., wherefore plaintiff prays to have said claim determined, etc.

The defendant, in its answer, denies that the plaintiff is the

owner, or that he and those under whom he claims have been for more than three years, or then were in actual, peaceable, quiet possession of said premises, but alleges that the defendant has been in the open, notorious, exclusive, and adverse possession, with claim of title, ever since the 9th day of November, 1871. The defendant also alleges that the plaintiff is estopped both by judgment and *in pais*. The facts which it is claimed constitute said alleged estoppels are set out at length in said answer. The court found upon sufficient evidence, that on the 23d day of October, 1869, one Thomas Baker, who then claimed to own said premises, conveyed the same by deed to the plaintiff, who, on the 3d day of January, 1872, conveyed to Julius Chester, who, on the 18th day of September, 1878, conveyed to one Fisher, who, on the 29th day of June, 1880, conveyed to the plaintiff.

On the 12th day of December, 1877, said Baker obtained a patent of said premises from the State.

The findings as to the foregoing facts are not attacked. But counsel for appellant in their brief rely (1) on an estoppel *in pais;* (2) by judgment; and (3) the Statute of Limitations as a bar to the action. Upon each of these issues it is claimed that the evidence is insufficient to justify the findings of the court. We are satisfied that there are not uncontroverted facts sufficient to constitute an estoppel *in pais.*

The judgment in the case of the *Bakersfield Town Hall Association* v. *Julius Chester*, which was commenced more than a month after said Julius had conveyed the premises to Fisher, who subsequently conveyed to the plaintiff herein, cannot operate as a bar to this action.

As to the bar of the Statute of Limitations, it is sufficient to say it was not established by evidence free from substantial conflict.

No objection was made to the testimony of Julius Chester until after it was all in, and then a motion was made to strike out a part of it on the ground that it was irrelevant and immaterial. A motion to strike out on that ground ought not to be granted unless the evidence is clearly irrelevant and immaterial. The evidence which the court refused to strike out is not, in our opinion, clearly of that character.

The court seems to have found the facts which the counsel for defendant sought to elicit from the witness Brundage, by questions to which objections were made by plaintiff's counsel and sustained by the court.   It is therefore clear that if said rulings were erroneous, the defendant was not prejudiced thereby.

The practice of filing but one undertaking where appeals are taken, as in this case, both from the judgment and order denying a new trial, is about as well settled as any question of that kind can be, and we do not think that it should now be treated as an open one.

Judgment and order affirmed.

Hearing in Bank denied.