PIELKE, Respondent, v. CHICAGO, M. & ST. P. R. Co., Appellant.

### 1. Jury — Verdict — Excessive — Appeal — Review.

On a claim that a verdict for the value of certain property destroyed by fire was excessive, there was evidence that its value was greater, and again, evidence that it was less than that found by the jury. *Held,* (there being a substantial conflict in the evidence) the verdict could not be disturbed.

### 2. Appeal — Review — Damages, Remoteness of.

Where it was sought to reverse a judgment on the ground that the damages were remote, but the evidence was such that the court would not have been authorized in directing the verdict, and there was no exception to the action of the court in charging the jury on this point, *held,* the matter was not saved so that it could be reviewed by the appellate court.

### 3. Trial — Case for Jury.

*Held,* that the connection between the two fires (the one alleged to have been negligently set out by the defendant and the one that destroyed plaintiff's property) described on the former appeal, 5 Dak. 444, 41 N. W. Rep. 669, was, on the second trial, shown to be such as required the submission of the case to the jury.

(Argued May 21, 1889; determined October 10, 1889.)

APPEAL from the district court, Richland county; Hon. W. B. McCONNELL, Judge.

*Ball, Wallin & Smith,* for appellant.

This record shows no testimony to supply the requirement in the evidence which rendered the new trial necessary at a former term of this court. 5 Dak. 444, 41 N. W. Rep. 671. See, also, Finney v. N. P. Ry. Co., 3 Dak. 270; Star Wagon Co. v. Mathison, id. 233; Whittaker's Smith, Neg. 490; Wyoming v. Detroit Lake & N. E. Co., 26 N. W. Rep. 514; 2 Rorer, Railroads, 788, 789, 796, 807; Garrett v. Wells, Fargo & Co., 15 Wall. 524;

Pierce, Railroads, 437; Michigan C. R. R. Co. v. Anderson, 20 Mich. 244.

The damages were remote. 2 Rorer, Railroads, 807; Pielke v. Chicago, M. & St. P. R. R. Co., 5 Dak. 444, 41 N. W. Rep. 674; Hannaher v. Railway Co., 5 Dak. 1.

*Lauder & Voorhees, Folsom Dow, McCumber & Bogert,* for respondent.

It appears from the record no exception was taken to the introduction or rejection of evidence, or to any of the instructions of the court. The only question, therefore, is, is the evidence sufficient to sustain the verdict?

It is conceded the burden of proof is upon respondent, but he is not obliged to establish a case to a demonstration. " A case cannot be taken from the jury unless it is plain upon the strongest showing made by any of the witnesses that there is no cause of action." Marcott v. M. H. & O. R. Co., 10 N. W. Rep. 53, 47 Mich. 1; Johnson v. Missouri Pac. R. Co., 26 N. W. Rep. 347. Was there any evidence reasonably tending to prove that defendant set out any fire? This inquiry, from the evidence of Lindgren, must be answered in the affirmative. Wood, Railway Law, 1348; Pierce, 436, 437; Woodson v. Milwaukee & St. P. Ry. Co., 21 Minn. 60; Karsen v. Milwaukee & St. P. Ry. Co., 29 id. 12; Wolff v. Chicago, M. & St. P. Ry. Co., 25 N. W. Rep. 63; Gibbons v. Wisconsin Val. Ry. Co., 28 id. 170; Butcher v. Vaca Valley Ry. Co., 8 Pac. Rep. 174; Christ v. Erie Ry. Co., 58 N. Y. 638; Field v. N. Y. Cen. Ry. Co., 32 id. 339; Hoyt v. Jeffers, 30 Mich. 181; 91 U. S. 454.

Was the evidence sufficient to sustain a finding that defendant was negligent? On this point under the evidence, see Pierce, Railroads, 434; Wood, Railway Law, 1350, 1362; Sebelrud v. St. Louis Ry. Co., 29 Minn. 63; Kellogg v. Chicago & N. W. Ry. Co., 17 N. W. Rep. 132; Wolff v. Chicago, M. & St. P. Ry. Co., *supra;* Jones v. Mich. Cen. Ry. Co., 26 N. W. Rep. 662, 665; Gibbons v. Valca Val. Ry. Co., *supra;* Bowen v. St. Paul, M. & M. Ry. Co., 32 N. W. Rep. 751.

There was legal evidence tending to prove the property was worth the amount fixed. The damages were not excessive. It

is claimed the court erred in its instructions in not explaining the nature of proximate and remote cause. No exception was taken. It is now too late to raise objection for the first time. Pennock v. Dialogue, 2 Pet. 1; Rock v. Indian Orchard Mills, 8 N. E. Rep. 401; Van Arnam v. Blustein, 7 id. 537; Cole v. Germania Fire Ins. Co., 1 id. 38; Story v. Black, 1 Pac. Rep. 1; Heldt v. State, 30 N. W. Rep. 626; Shatto v. Abernethy, 29 id. 325; Armstrong v. Killen, 30 id. 14; Maxon v. Chicago, M. & St. P. Ry. Co., 25 id. 144; Nyce v. Shaffer, 30 id. 943. See, also, Caledonia Gold Mining Co. v. Noonan (Dak.), 14 id. 426; Betts v. Glenwood, 2 id. 1012; Black v. Boyd, id. 1044; State v. Graham, id. 1050; Racine Basket Mfg. Co. v. Konst, 7 id. 254; Hall v. Castelbery, 7 S. E. Rep. 706; De Scoacht v. Dutcher, 15 N. E. Rep. 459; Barrett v. Delano, 14 Atl. Rep. 288.

The damages were not too remote. Wood, Railway Law, 1368–1371; Krippner v. Biebl, 9 N. W. Rep. 671, 28 Minn. 139; Johnson v. Chicago, M. & St. P. Ry. Co., 16 N. W. Rep. 488, 31 Minn. 57; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 256; Brown v. Milwaukee & St. Paul Ry. Co., 54 Wis. 342 (affirmed by Supreme Ct. U. S.).

TEMPLETON, J. This case has been twice tried. The points raised by the first appeal were decided at the May, A. D. 1889, Term of this court.

The evidence adduced at the two trials was substantially the same, except, at the last trial, the connection between the forenoon and afternoon fire was more closely established, and it only appeared affirmatively that the north end of the forenoon fire was extinguished. A full statement of the facts, with that exception, will be found in the opinion of the chief justice rendered upon the former appeal. See Pielke v. Railway Co., 5 Dak. 444, 41 N. W. Rep. 669. The jury returned a verdict for the plaintiff for the sum of $1,500.79. A motion for a new trial was made and denied, and judgment was entered upon the verdict for the full amount of damages assessed by the jury. From this judgment the defendant has appealed.

After the testimony was closed and both sides had rested, the court was requested to direct a verdict for the defendant upon the

following grounds : " (1) that there is no evidence that the fire seen in the afternoon, and which caused the damage, was a continuation of the fire seen in the forenoon ; (2) that there is not any testimony showing that the fire originated in or about any dry or combustible material on defendant's right of way." Defendant's motion was overruled, and an exception taken. It is urged that this ruling of the court was erroneous.

We have carefully examined the evidence, and are satisfied that there was sufficient testimony in the case tending to support the opposite of both propositions embodied in the motion to go to the jury, and, therefore, the ruling was correct.

The court, doubtless, instructed the jury correctly regarding these propositions, for no exceptions were taken to the charge relating thereto.

Appellant also claims that the verdict was excessive, and was the result of passion and prejudice. We do not think that this contention is established. Several witnesses placed the value of the property destroyed at an amount exceeding that found by the jury. It is true that other witnesses estimated the damages at a much lower figure. There was a substantial conflict in the testimony, and the verdict must stand.

We have now disposed of all the points raised by appellant's counsel in their assignments of error, but in their brief they make the point that the damages sustained were remote, and for that reason the judgment should be reversed.

It was practically upon this ground that the judgment was reversed when the case was here before. An examination of the record, however, forces us to the conclusion that this point was not saved at the last trial, and is not now before us.

As above suggested, there was sufficient evidence, at the last trial, connecting the fire alleged to have been set by defendant upon its right of way with the fire which did the damage, to prevent the trial court directing a verdict against the plaintiff upon the first ground mentioned in the motion made for that purpose ; besides, remoteness of damages was not one of the grounds upon which said motion was based. In what manner, then, has the point been saved for review here ? Certainly not because the charge of the court was silent upon the subjects of proximate

cause and remote damages. No exception whatever was taken to the charge as a whole, nor to any part of it. Furthermore, we must presume that the court instructed the jury correctly upon these questions, for it does not appear from the certificate of the trial judge attached to the statement of the case, that such statement contains the whole charge, nor a portion of it. The fact that something purporting to be the charge is printed in the abstract is not sufficient. We can look only to the authenticated record.

The charge of the court is not a part of the record proper, and can be made a part of the record only when incorporated in statement of the case or bill of exceptions. But granting that the whole charge is properly before us, and that it erroneously states the law, or fails to state the law upon these questions, how can we review it in the absence of any exceptions? The supreme court of Wisconsin, discussing this question, says: "A number of objections are taken to the charge of the court given at the trial. It is perhaps sufficient to say, in answer to all of them, that the record does not present a single exception to the charge; nor is it pretended that any was ever taken to it. But, notwithstanding this, the learned counsel for the defendant insisted that it was the duty of this court to review the charge, even though it was not excepted to, and, if found incorrect in the propositions of law laid down for the guidance of the jury, to reverse on that ground. That would be contrary to the uniform practice of this court since its organization. In no case, civil or criminal, has this court reviewed the charge of a trial court where no exception was taken to it." Knoll v. State, 55 Wis. 249, 12 N. W. Rep. 369.

The supreme court of California has said: " Whether the instructions which were given by the court were in any respect erroneous, matters not, for counsel failed to take any exception to any part of them." Wilkinson v. Parrott, 32 Cal. 102. See, also, Russell v. Dennison, 45 id. 337.

In a trial, the presiding judge is not to be held responsible for a failure of attorneys to advance certain theories in support of their side of the case. Attorneys, as well as judges, have important duties to perform. It seems to us that the point relating to the

remoteness of damages was waived by defendant. The case appears to have been tried upon the theory that defendant was liable for the loss; regardless of the principle *causa proxima non remota spectatur*, if it should be established that a fire was set upon defendant's right of way in combustible material negligently allowed to accumulate, and if such fire caused the one which consumed plaintiff's property.

The trial court cannot be criticised for failing to charge the jury regarding principles of law applicable to facts which were eliminated from the case, or rendered unimportant, by the acts or silence of appellant.

Judgment affirmed.