COLLINS and others, Respondents, vs. BREEN and others, Appellants.

*January 11 — January 28, 1890.*

*Appeal: Bill of exceptions: Evidence: Charge to jury.*

1. The question whether the trial court erred in refusing to direct a verdict cannot be considered on appeal where the bill of exceptions fails to show that it contains all the evidence given on the trial.
2. The charge to the jury, as written out by the court reporter and filed with the clerk, is not a part of the record, and can be considered on appeal only when embodied in the bill of exceptions.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action of replevin to recover the possession of goods of the value of $185. The goods were sold by the plaintiffs to one S. E. Rolph, a merchant doing business in Hurley. The sale was made between the 15th and 19th of April, 1888, and the goods were shipped to said Rolph at Hurley, and arrived at that place April 25, 1888. Rolph paid the freight on the goods and receipted for them on that day, and left them at the railroad depot at Hurley. On the 25th of April, in the evening, the defendant *Breen*, by his deputy, seized these goods, with others, as the property of Rolph, by virtue of attachments issued by the creditors of said Rolph, and held them by virtue of said writ when the writ of replevin was issued in this case. This replevin suit was commenced on the 30th of April, 1888. The record also shows that the plaintiffs, by their attorneys, commenced an action on the 25th of April, 1888, to recover the sum of $1,000 claimed to be due from Rolph to the plaintiffs, and in said action issued a writ of attachment and attached the goods in question, as well as other goods claimed to be owned by Rolph. In the attachment

suit the plaintiffs included the price of the goods in question as a part of their claim against the defendant Rolph. On the trial the plaintiffs recovered, and judgment was entered in their favor for a return of the property, of the value of $185. The defendants appealed to this court.

For the appellants there was a brief by *Mead & Dixon*, and oral argument by *A. E. Dixon*.

For the respondents there was a brief by *Tomkins, Merrill & Smith*, and oral argument by *W. M. Tomkins*.

TAYLOR, J. On this appeal no error is assigned that improper evidence was received against the objection of the defendants, or that any proper evidence offered by them was rejected. The only claim made is that the court erred in refusing to direct a verdict for the defendants, and in instructing the jury.

As to the first error assigned, it is clear that this court cannot say that the learned circuit judge erred in refusing to direct a verdict for the defendants, for the plain reason that the bill of exceptions fails to show that it contains all the evidence given on the trial. The respondents make this a point in their brief, and, if it be true that the bill of exceptions does contain all the evidence, the appellants should have had the certificate of the learned judge to the bill corrected in that respect. *Conklin v. Hawthorn*, 29 Wis. 476, 481; *Kollock v. Stevens Point*, 37 Wis. 348, 350; *McCormick v. Ketchum*, 48 Wis. 643. Had the judge certified that the bill of exceptions contained all the evidence tending to show that the plaintiffs had elected to affirm the contract and waive the fraud, it would probably have been sufficient to review the question raised by the request to direct a verdict for the defendant.

It is urged, however, by the learned counsel, that the judge erred in instructing the jury as to certain statements made by him in his charge; which are found in the bill of

exceptions; but as the bill of exceptions does not contain the entire charge of the learned judge, nor all the evidence, we have no way of determining the fact whether the particular instructions are erroneous or not. The point which the learned counsel for the appellants evidently desired to present to this court is whether the evidence produced on the trial did not show conclusively that the plaintiffs had waived the fraud in the purchase of the goods by Rolph, and had elected to affirm the contract before bringing this action of replevin for the goods. It seems to have been conceded that, if the plaintiffs had not by their acts elected to affirm the contract of sale and waive the fraudulent purchase, there was sufficient evidence given on the trial to entitle the plaintiffs to recover on the ground of fraud in the purchase of the goods. The entire charge of the court to the jury not being found in the bill of exceptions, it does not appear but that the jury were fully instructed as to the effect which should be given by them to the fact that the plaintiffs had commenced their attachment suit to recover the value of their goods, with the value of others sold to Rolph, before commencing this action of replevin for the goods themselves, basing their claim to recover the goods themselves on the ground that the sale and delivery to him were brought about by the fraudulent representations of Rolph.

. We find that the clerk of the circuit court has returned to this court what purports to be, and probably is, the entire charge of the court to the jury; but we cannot make use of the charge so returned in determining this appeal. The charge, as written out by the court reporter and filed with the clerk, is not a part of the record which can be considered by this court on appeal. If the appellant desires the opinion of this court upon the correctness of the charge as a whole, it must be embodied in the bill of exceptions and properly certified to by the judge as being his

charge. Sec. 2873, R. S.; *Mullen v. Reinig*, 68 Wis. 408; *Koenigs v. Jung*, 73 Wis. 178, 183. Looking into the charge as contained in the return of the clerk, we find that the learned judge did instruct the jury that, in determining the question whether the plaintiffs had rescinded the contract on account of the fraudulent representations, they should take into consideration the fact of the commencement of their attachment action.

*By the Court.*— The judgment of the circuit court is affirmed.