D. E. BYAM, Appellant, v. JOHNSON BROTHERS.

**Buyer of Mortgaged Chattels.** Where the giver of a recorded mortgage, in possession, is allowed to sell in the usual course of trade, the mortgagor cannot recover a portion of the goods sold on credit, in good faith, nor recover for their value.

*Appeal from Hardin District Court.*—HON. N. B. HYATT, Judge.

THURSDAY, JANUARY 17, 1895.

Action in replevin. Trial to the court. Judgment in favor of defendants, and against plaintiff, for costs. Plaintiff appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Huff & Ward* and *L. O. Lowden* for appellees.

Kinne, J.—I.   This cause comes to us upon a certificate of the trial court wherein the question of law upon which it is desired to have the opinion of this court is thus stated: "Where Wilson gave a chattel mortgage upon a stock of goods and merchandise, and all future additions there, in Hubbard, Iowa, to Byam, July 11, 1892, which mortgage was duly recorded in the office of the county recorder of Hardin county, Iowa, September 30, 1892; and Wilson retained possession of the stock of goods, and sold it at retail in small quantities to divers customers, in due course of business, for cash and on credit; and upon October 6, 1892, sold of the said mortgaged property to Johnson Bros. to the amount of sixty-seven dollars, which was sold on credit, and charged them on the books of the mortgagor; but Johnson Bros. refused to pay for said goods upon the

demand of Byam, said mortgagee, and refused to deliver up to him the goods upon the demand of said Byam, claiming to have purchased the same in due course of business,—was that a transaction in the usual course of trade, so as to prohibit Byam from following and reclaiming the mortgaged property in the hands of said Johnson Bros., or recovering the value thereof, to-wit, sixty-seven dollars, in this action, the mortgage at the time of said purchase by Johnson Bros. being in full force and effect and wholly unsatisfied?" The question certified involves the right of a mortgagor of an unsatisfied mortgage, who is left in possession of the mortgaged property with power to sell the same in the usual course of business, to sell goods upon credit, and convey to the purchaser a title which will prevent the mortgagee from reclaiming the goods thus sold, of said purchaser, or from recovering of him their value. We think that the mortgagor has such right, and that the purchaser from him under such circumstances takes a good title, free from any claim of the mortgagee, either for the goods themselves or for their value. It will be noticed that no question of fraud is involved in the facts certified. While it is not expressly so stated in the certificate, yet we think it may be fairly inferred from the facts stated therein, that the mortgage empowered the mortgagor to sell the goods, thus mortgaged and left in his possession, in the usual course of trade. We also think that the facts certified warrant us in saying that the sale was in fact made in the usual course of trade or business. We, then, have a case where the mortgagee of an unsatisfied mortgage, which is recorded, authorizes his mortgagor to sell the mortgaged property in due course of business, and, after a sale has thus been made to the defendant, the plaintiff (mortgagee) seeks to recover from the purchaser the goods or their value. Under such a state of facts, and

in the absence of fraud or other peculiar circumstances, he can do neither.   We are cited to cases holding that an action of replevin will lie in favor of a mortgagee, and against the mortgagor, or one who purchases property from him, when the mortgagor has tortiously or fraudulently sold the goods, or has sold the entire stock *en masse.*   No such questions are involved in. this case.   Other cases are cited to the effect that a mortgagee may follow the mortgaged property into the hands of a purchaser.   Doubtless this may be done in certain cases.   But the facts certified do not bring the case within the rule which permits the mortgagee to reclaim the property from a purchaser.   Here the sale was in fact made as authorized by the mortgagee, and in the usual course of trade, and it will not do to say that in such a case the holder of the mortgage may authorize the mortgagor to sell the goods in the usual course of business, and that when he does so the mortgagee may assert as against such a purchaser, his right to recover the goods or their value.   Having consented to the sale in the manner in which it was made, the mortgagee ceases to have any lien upon or claim for the goods or their value as against the purchaser, in the absence of fraud, or facts showing that the fund should be impressed with a trust, or of other peculiar circumstances.   Not being entitled to the possession of the goods, plaintiff could not maintain an action of replevin therefor.

II.   Appellant argues questions touching the rulings of the court upon the admission of evidence. These are not certified, and cannot, therefore, be considered. The question certified must be answered in the affirmative.—*Affirmed.*