(106 N. W. 566.)

---

Annie Kinney v. Brotherhood of American Yeomen, 66.

Opinion filed December 19, 1905.

**Appeal — Notice — Appeals from Judgment and Order.**

1. It is proper and commendable practice to include in a single notice an appeal from a judgment and an appeal from an order made after judgent denying a motion for judgment notwithstanding the verdict or for a new trial. Certain language in Prondzinski v. Garbutt, 83 N. W. 23, 9 N. D. 239, and in State v. Gang, 87 N. W. 5, 10 N. D. 331, disapproved.

**Pleading — Objections — Waiver.**

2. Where by failing to object to the admission of evidence of matters in avoidance of a defense, the defendant has tacitly consented to the trial of an issue, which could, and should properly, have been litigated

without a reply, he cannot urge as grounds for a directed verdict that the plaintiff, by voluntarily interposing a reply which only denied new matter pleaded in the answer, was thereby precluded from showing matter in avoidance of the defense.

**Appeal — Review — Questions of Fact — Necessity of Setting Out Evidence.**

3. The sufficiency of the evidence to support the finding of the jury on any question in dispute will not be reviewed, when the printed abstract does not contain all the evidence relating to that question.

**Accord and Satisfaction — Insufficient Payment.**

4. If the sum of money paid to plaintiff by the defendant to satisfy an alleged accord was not the amount agreed upon in the accord, the retention of the money, even though there was no fraud on defendant's part, would not estop the plaintiff to deny that the accord had been executed.

**Same — Rights of Creditor.**

5. If the sum paid by defendant was not sufficient to satisfy the accord, the plaintiff might disregard the accord, and either return the payment and sue for the amount of her original claim, or treat the sum received as a partial payment of her original claim and sue for the balance.

**Appeal — Question of Facts.**

6. Where the record shows that the plaintiff relied upon two propositions of fact, either of which, if true, would defeat the defense pleaded, and the record does not show how the questions were submitted to the jury, or which of the propositions the jury found to be true, we cannot disturb the verdict, unless it clearly appears that neither proposition was true.

**Same — Record Proper — Contents.**

7. Neither the instructions to the jury, requests for instructions, nor exceptions to the giving or refusal to give instructions in a civil action, are parts of the judgment roll, unless made so by including them in the statement of the case.

**Witnesses — Examination — Rebuttal.**

8. A question to a witness called in rebuttal, which does not call the witness' attention to some particular statement or fact and demand a denial or explanation thereof, is improper in form.

**Insurance — Action on Life Policy — Burden of Proof.**

9. In an action by the beneficiary upon a life insurance policy which provides that no recovery can be had on the policy, unless the insured,

at the time of his death, was a member in good standing of the defendant fraternal order, and had paid all dues and assessments, such loss of membership or default in payments are defenses, which must be pleaded and proved by the defendant.

**Same — Pleading.**

10. Allegations in the complaint, asserting generally that the insured was a member in good standing and had paid all dues and assessments, are mere surplusage, and do not relieve the defendant of the necessity of pleading and the burden of proving a default in those respects.

**Same — Evidence — Failure to Pay Assessments — Foundation.**

11. It was not error to decline to admit testimony that the insured had failed to pay an assessment, when there was no proof or offer to prove that an assessment had in fact been levied, which the insured was bound to pay.

**Appeal — Admission of Error — Necessity of Showing Error.**

12. Although certain testimony was admitted on cross-examination which, standing alone, appears to have come within the rule against hearsay testimony, yet the admission of the testimony cannot be held reversible error when the previous testimony of the witness does not appear, and, so far as the record discloses, the testimony could not prejudice the defendant, even if objectionable as hearsay.

**Insurance — Cause of Death — Evidence.**

13. A document signed by the coroner, stating what appeared to him to be the cause of the death was not admissible as evidence.

**Same — Opinion of Physician.**

14. The opinion of a physician is not admissible as to the cause of death, unless the facts upon which the opinion is based are in evidence..

Appeal from District Court, Richland county: *Lauder, J.*

Action by Annie Kinney against the Brotherhood of American Yeomen. From a judgment for plaintiff, defendant appeals. Affirmed.

*F. B. Lambert* and *H. N. Morphy* (*E. C. Corey* of counsel), for appellant.

*Purcell, Bradley & Divet,* for respondent.

ENGERUD, J.   This is an action by the beneficiary  to  recover $2,000 on a policy of insurance on the life of Marland D. Kinney. The plaintiff is the widow of the insured.   The defendant is a

fraternal and mutual organization, which insured the lives of its members and is incorporated under the laws of the state of Iowa. The policy was issued in April, 1902, and the insured died in May, 1903. The complaint, besides alleging the making of the insurance contract and the death of the insured, the submission of due proofs of death, and the refusal of the defendant to pay, further alleges that Marland D. Kinney "did pay or cause to be paid to the said defendant all dues and assessments thereafter [after the issuance of the policy] properly chargeable against him on account of his membership in and insurance upon his life by the said defendant corporation, and did continue a member thereof in good standing up to the time of his death." The answer admits the corporate capacity of the defendant and the making and delivery of the policy of insurance, but denies generally all other allegations of the complaint. It specifically denies that the deceased was a member of the defendant order in good standing at the time of his death, or that he has paid all assessments due under the terms of his membership. The answer also sets forth that according to the terms of the insurance contract the defendant, if liable at all, can be held only for the sum of $1,627.50 and interest. The defendant also pleads that it is not liable on the policy because the insured, in his application, falsely stated that he did not drink intoxicating liquor of any kind, except beer, which he drank to the extent of only one glass per week, and the truth was that the insured was then and thereafter during the remainder of his life, addicted to the excessive use of all kinds of intoxicating liquor to such an extent as to become frequently intoxicated, and that his use of it was such as to impair his health and shorten his life expectancy. It is further alleged that the excessive indulgence in alcoholic liquor was the cause of the death of the insured. It is alleged that the contract contained provisions by virtue of which it became void if the foregoing allegations were true. The answer finally pleads an accord and satisfaction. It is alleged that the defendant disputed plaintiff's claim for the insurance for the reasons stated in the answer, and thereupon, on July 15, 1903, a compromise was effected, by which the defendant paid, and the plaintiff accepted in full of all claims, "such an amount as would have been due had the deceased had a valid certificate of membership in said order in the sum of $500, other conditions being the same, to wit, the sum of $365.90."

Although the answer contained no counterclaim, the plaintiff voluntarily served and filed a reply thereto, denying the new matter alleged in the answer, and averring that the plaintiff was fraudulently induced to agree to accept $500 in full settlement of the claim; that the defendant did not pay plaintiff said sum, or offer to do so, but offered to pay $379.35, which offer plaintiff refused; and, subsequently discovering the falsity of the representations made to induce the compromise, she rescinded the agreement. The trial resulted in a verdict in plaintiff's favor for $1,718, that being the amount which it is conceded the plaintiff is entitled to if she can recover at all. Judgment was entered for the amount of the verdict, and costs, on June 25, 1904. Thereafter a statement of the case was settled, upon which the defendant moved for judgment notwithstanding the verdict or for a new trial. The motion was denied December 3, 1904. The defendant thereupon served a notice of appeal and the required undertaking. The notice states that the defendant appeals from the order denying the motion for judgment and for a new trial, and also from the judgment.

Respondent contends that a party cannot include in a single notice an appeal from the judgment and an appeal from an order made after judgment denying a motion for a new trial, and moves to dismiss this appeal for that reason. Respondent cites and relies on the numerous decisions in Wisconsin in which it was held that a single appeal could not be taken from two or more appealable orders, or from a judgment and one or more appealable orders. The same rule was announced in Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546, and in Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165. These cases were cited with approval in Prondzinski v. Garbutt, 9 N. D. 239, 244, 83 N. W. 23, and the same point was referred to again in State v. Gang, 10 N. D. 331. 335. 87 N. W. 5. The reference to the subject in Prondzinski v. Garbutt was clearly obiter. In State v. Gang the motion was denied, because when the appeal was taken the time for appeal from the only appealable order made before judgment had expired. It was stated, however, that the objection to the appeal would have been well taken if the previous orders referred to in the notice of appeal had been appealable and the time for appeal therefrom had not expired. It will be observed that in both these cases the previous appealable orders mentioned in the notice of appeal were reviewable on appeal from the judgment, and it was held that the mere fact of

mentioning them in the notice of appeal from the judgment was good ground for dismissal. We think these views were erroneous, and hereby expressly disapprove them. They are in accord with some earlier Wisconsin decisions which were extremely technical. The Supreme Court of Wisconsin subsequently recognized the unnecessary strictness of these earlier cases, and expressly modified them in the case of Ballou v. Railway Co., 53 Wis. 150, 10 N. W. 87, decided in 1881. In that case the court said: "In American Button Hole Co. v. Gurnee, 38 Wis. 533, and perhaps in other cases, it was held that an appeal would be dismissed for duplicity in the notice of appeal, although double only in form. We are now satisfied that this rule is unnecessarily technical and harsh, and should be modified. The court takes this occasion to announce that hereafter no appeal will be dismissed for duplicity unless it is double in fact; that is to say, unless it includes two appealable matters." The legislature of that state in 1883 still furthur mitigated the rule adopted by the court by providing that any number of appealable orders in a single action could be brought before the appellate court by a single appeal. Sanborn & B. Ann. St. Wis, sections 3042, 3042a. If it was intended by the language used in Ballou v. Railway Co. to adhere to the earlier decisions, to the effect that the inclusion in the notice of a statement that the appellant appealed from the judgment and also from one or more appealable orders made in the action before judgment rendered the appeal double both in form and fact, although the previous orders were reviewable on appeal from the judgment alone, then we think that the modified rule in that case is still too technical and harsh. If the previous orders are reviewable on appeal from the judgment alone, it is clearly nothing but surplusage to state in the notice that the appellant desires such review. Such a statement in the notice is manifestly a mere unnecessary formal demand for that which the appellant was entitled to without asking for it in the notice. Granger v. Roll, 6 S. D. 611, 61 N. W. 970. Although our appeal law is said to have been borrowed from Wisconsin, and we should therefore follow the decisions of that state, we will not adhere to that rule where no doubtful question of interpretation of language is involved, and where the decisions of the foreign jurisdiction are clearly erroneous. Morgan v. State, 51 Neb. 672, 71 N. W. 788; Dwyer v. Bank, 30 Colo. 315, 70 Pac. 323; Oleson v. Wilson, 20 Mont. 544, 52 Pac. 372.

As to the soundness of the general rule announced in Hackett v. Gunderson, 1 S. D. 470, 47 N. W. 546, and in the Wisconsin cases which that decision follows, to the effect that two or more orders in the same action cannot be brought up for review by one notice of appeal, we express no opinion, because we are agreed that, whether that is a correct statement of the general rule or not, it ought not to apply to a case like this. No case has been cited, and we have found none wherein it has been held, under laws similar to ours, that an appeal from a final judgment and from a subsequent order denying a motion for a new trial is objectionable for duplicity. We can conceive of no good reason for condemning such a practice, unless we regard the general rule, as broadly declared in Hackett v. Gunderson, to be an inflexible one, to which there is no exception. Notwithstanding the decision in Hackett v. Gunderson, the Supreme Court of our sister state held that it was proper to combine in one notice an appeal from the judgment and an appeal from a subsequent order denying the motion for a new trial. Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774. That practice has been uniformly followed and approved in California. Carpentier v. Williamson, 25 Cal. 154; Winter v. McMillan, 87 Cal. 256, 25 Pac. 407, 22 Am. St. Rep. 243; Chester v. Association, 64 Cal. 42, 27 Pac. 1104. It seems to us the practice is one which ought to be commended, rather than condemned. Errors of law can be reviewed on appeal from the judgment without a motion for a new trial; but the statute forbids us to examine into the sufficiency of the evidence to support the verdict, unless the trial court has had an opportunity on a motion for a new trial to remedy the jury's erroneous decision of the facts. If the jury has taken an erroneous view of the evidence, it is an error at the trial which necessarily affects the judgment; and, although the trial court after judgment may refuse to grant a new trial, and thus commit error after judgment by refusing to rectify the error which the jury committed before, the fact remains that the inquiry on appeal as to the sufficiency of the evidence is in reality a review of an error before judgment. The trial court's ruling is merely a condition precedent to the right of the appellate court to examine into and remedy the error which the jury is alleged to have committed. Clearly, if the defeated party challenges the propriety of the judgment on the ground that there was error of law or fact in the proceedings which resulted in the judgment, he ought to

be required to present all the reasons he assigns for reversing the judgment in a single proceeding, unless there is some good reason for not doing so. The motion to dismiss is, therefore, not well taken.

The most important assignments of error relate to the rulings of the court with respect to the defense of accord and satisfaction. If that defense was conclusively established, as defendant claims, then the defendant is entitled to judgment notwithstanding the verdict, and it is unnecessary to discuss other assignments of error. We shall therefore dispose of the assignments relating to that defense first. The appellant, we think, has misconceived both the pleadings and the evidence relating to this defense. The substance of the pleadings on this subject have already been set forth. It will be seen therefrom that the defendant pleaded that the terms of the accord were that the plaintiff was to accept and the defendant pay the sum of $365.90. This is the accord which the defendant in his plea asserts that he executed. The reply specifically denies that the terms of the accord were as stated in the answer, and also denies that any accord was ever executed. These specific denials in effect were the same as a general denial, because it is merely stating a truism to say that an accord without satisfaction is no defense; and it is also manifest that if the attempted execution did not comply with the terms of the accord there could be no satisfaction. The specific denials in the reply denied both of the two necessary elements which the defendant must prove in order to make good his plea, viz., the terms of the accord and the execution of the accord according to its terms. Analysis of the remainder of the reply will show that the effect of these denials was not modified or limited except as to the fact of an accord, by any of the subsequent averments of that pleading. The plaintiff undertook to state specifically what the terms of the accord were. She, of course, thereby admitted that there was an accord; but she alleges that its terms were different from those alleged by defendant, and she again asserts that there never was any satisfaction. She also states that she abrogated this accord for fraud, thereby quite unnecessarily giving a reason why an attempted satisfaction would have been unavailing. It was unnecessary to give reasons for rescinding an accord, because, until satisfaction, it is revocable at the pleasure of either party without giving reasons. This part of the reply was mere surplusage. It will be seen, then, that, notwithstanding the reply, the defendant was in practically the

same position, so far as proving his alleged defense was concerned, as he would have been in if the plaintiff had been content to stand on the statute, which dispenses with the necessity for reply to new matter not constituting a counterclaim.   The defendant, notwithstanding the reply, had the burden of proving the accord it alleged and a complete execution of it.   Had the reply admitted the accord and satisfaction pleaded by the defendant, and set up fraud or some other grounds for avoiding the effect of it, then, perhaps the plaintiff would have been bound to prove the affirmative matter which she unnecessarily assumed the burden of proving.   See, however, Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743.   The question, therefore, as to this defense is simply one of the fact on the evidence.   Was the adverse finding of the jury warranted by the evidence?   If the plea was conclusively established by the proof, defendant is entitled to judgment notwithstanding the verdict.   If the verdict is merely against the clear preponderance of the evidence, the defendant is entitled to a new trial only.

It appears from the evidence in the record that the plaintiff relied on two propositions to defeat the plea now in question:   First, she denied that she agreed to settle for the sum alleged by defendant; second, she asserted that, if the amount paid to her by defendant was a satisfaction of accord, then the transaction was voidable for fraud, and she had rescinded it for that reason.   It is a question which we are not required to decide in this case whether the unnecessary interposition of a reply merely denying the new matter pleaded as a defense would preclude the plaintiff, if timely objection had been made, from showing matters in confession and avoidance of the defense.   See, however, Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743.   That question does not arise in this case, because, for reasons hereafter stated, we must assume that the jury were warranted in finding that there was no executed accord, and because the parties without objection litigated the question as to whether the accord and satisfaction, as claimed by defendant, was fraudulently effected.   The evidence on the latter subject was not objected to, when offered, on the ground that it was inadmissible by reason of the allegations or lack of allegations in the reply.   The defendant cannot take advantage of the want of a reply after the evidence is all in without objection.   Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511.   Much less can a defendant take advantage of any in-

formality or insufficiency in such a pleading by a motion for a directed verdict after he has, by failing to object, tacitly consented to the trial of an issue which could and should properly have been litigated without a reply.

The abstract of the evidence as to the terms of the accord discloses on its face that it is fragmentary and incomplete on that point. Enough appears, however, to show that there was substantial conflict of testimony as to the terms of the accord, and we cannot review the sufficiency of the evidence to support a finding on a disputed question when all the evidence as to that question is not before us. Collins v. Breen (Wis.) 44 N. W. 769. Nor will we go outside of the printed abstract and explore the original statement to look for more evidence. We must assume that the appellant has included in the printed abstract all material parts of the original record upon which it relies to show error. McLain v. Nurnberg (just decided) 105 N. W. .... There being a substantial conflict of evidence as to whether the amount paid by defendant was the sum which the plaintiff had agreed to accept in satisfaction of her claim, the motion for a directed verdict in defendant's favor, on the ground that the accord and satisfaction was undisputed and no rescission or right to rescind had been shown, was properly denied. If the sum paid was not sufficient to satisfy the accord, the retention of the money paid, even though there was no fraud, would not estop the plaintiff to assert that there had been no executed accord. In such a case the plaintiff could retain the money as a partial payment and sue for the balance of her original claim, disregarding the accord, or she could, as in this case, return the amount paid and sue for the entire amount of her original claim. Spruneberger v. Dentler, 4 Watts (Pa.) 126. Of course, the receipt and retention of the money would ordinarily be evidence to corroborate the defendant's assertion that the sum paid was the sum agreed upon. Its weight, however, as such evidence, would depend upon the surrounding circumstances.

The question of fraud in the accord was immaterial, unless the jury found, or the fact was admitted, that the sum paid was a full satisfaction of the accord as claimed by defendant. There was no special finding with respect to this defense. Neither the instructions, requests to instruct, nor exceptions to instructions were incorporated in the statement of the case, and were stricken from the abstract and record on respondent's motion for that reason.

These matters are not part of the record in a civil action, unless made so by the statement of the case. Pielke v. Railway Co., 6 Dak. 444, 43 N. W. 813; Kleinschmidt v. McDermott (Mont.) 30 Pac. 393; Collins v. Breen (Wis.) 44 N. W. 769. The record does not, therefore, show what questions with respect to this defense were submitted to the jury, or what the jury found. We must assume that the issues arising on this defense were properly submitted to the jury, and that the jury heeded the instructions. Consequently, if there was a substantial conflict of testimony either as to the defendant's allegation of accord and satisfaction or as to the claim of fraud and recission, we cannot disturb the verdict, even if we were satisfied that there was no substantial conflict as to one of the two questions. In other words we cannot disturb the verdict unless the record shows that there was not sufficient evidence to warrant a finding for plaintiff on either point. We will add, however, that we have examined the evidence printed in the abstract on both questions, and, if we assume that the abstract contains all of the evidence on the subject, we have no hesitation in saying that the evidence is such as to warrant a finding in plaintiff's favor on either ground.

It was not error to sustain the objection to the question put to witness McKinnon: "You heard Mrs. Kinney's statement as to there being nothing said about the funeral expenses    until    you started away, until after she had signed the voucher. Is that right?" Although the subject-matter of the question was relevant and material, the question was improper in form; and it is apparent that the court considered it objectionable for that reason. This witness, in other parts of his testimony, had given his version of what was said and done on the occasion and as to the subject in question. If it was necessary or desirable to again go into the subject in rebuttal of Mrs. Kinney's version of the same matter, the question ought to have been framed so as to require the witness to refute, either by direct denial or by a statement of facts, some particular statement made by Mrs. Kinney. It does not appear that the proper exercise of this right was denied.

With respect to the funeral expenses, amounting to $38.15, it appears the defendant paid them, and the amount was not repaid to the defendant by Mrs. Kinney. Defendant claims that the failure to repay this sum rendered the attempted rescission nugatory. If the jury believed Mrs. Kinney's version of the transaction,

which defendant claims constituted the accord and satisfaction, this payment was not authorized by or known to her to have been made for and in her behalf, and had no connection with the alleged settlement. We must assume that the jury so found, and hence the payment was wholly voluntary, and consequently was not chargeable to the plaintiff, either as a benefit which must be restored in case of rescission, or which must be credited as a partial payment if there was no executed accord. The record shows no error with respect to the issues arising on the plea of accord and satisfaction.

Error is assigned on the refusal of the court to direct a verdict for defendant because there was no evidence that the insured was a member of the local lodge in good standing at the time of his death and had paid all dues. It is a misapplication of terms to say that these facts were conditions precedent which the plaintiff was bound to prove as parts of her cause of action. The issuance of the policy was itself an admission by defendant of the plaintiff's good standing at that time. If the insured ceased to be a member in good standing of the defendant order, or failed to pay dues and assessments, the defendant's liability on the policy ceased; and if the defendant had been released from liability for those reasons, those facts were defensive matter, which it was incumbent on the defendant to plead affirmatively and prove in bar of the cause of action. Niblack Ben. Soc. & Acc. Ins. section 135; Cornfield v. Order (Minn.) 66 N. W. 970; Kumle v. Grand Lodge (Cal.) 42 Pac. 634. The allegations of the complaint negativing the existence of such a defense were, like the allegation of nonpayment, often inserted in a complaint on a promissory note, mere immaterial surplusage, and did not relieve the defendant of the necessity of pleading, and the burden of proving, the defense. A denial puts in issue only material allegations. The only reference to this defense in the answer is the following: "It specifically denies that said Marland D. Kinney was a member of the defendant order in good standing at the time of his death, or that he had paid assessments due under the terms of his membership." Other allegations in the answer set forth some of the terms of the contract of insurance, from which it appears that the insurance ceased if the insured lost his good standing as a member or failed to pay dues and assessments. It will be observed that the answer, even if read in connection with the allegations of the complaint,

which it denies, does not allege as a fact that any assessment had been levied. It was clearly insufficient as a pleading of an affirmative defense, if timely objections were made. Am. Mut. Aid Soc. v. Helburn (Ky.) 2 S. W. 495, 7 Am. St. Rep. 571; Garretson v. Ass'n (Iowa) 61 N. W. 952.

We need not determine whether this part of the answer was so insufficient as to warrant the exclusion of evidence offered in support of it, no objection having been made before the trial, because the only evidence offered in support of that defense was clearly objectionable for other reasons. The defendant offered to show by the treasuer of the local lodge that Mr. Kinney had failed to pay "assessment No. 4 of the series of 1903." This offer was objected to on the ground, among others, that it had not yet been shown that any assessment had in fact been levied. The court sustained the objection, without stating for which of the several reasons assigned it did so. If any of the reasons assigned in the objection were well taken, the ruling must be sustained. It was clearly discretionary with the court to decline to permit proof out of order. The evidence offered was immaterial, unless it was also shown that an assessment had been levied which it was the duty of the insured to pay. The offer of proof assumed that unproved fact, and the objection called attention to the defect. The defendant made no offer to remedy the defect by evidence of the assumed fact.

The assignments relating to the evidence and rulings touching an arbitration clause in the policy present nothing for review, because, although we infer that there was a stipulation on that subject in the contract of insurance, the record does not disclose what its terms were.

Error is assigned on the rulings of the court in permitting a series of questions to be answered by defendant's witness Nelson on cross-examination. The direct examination is not included in the abstract. The questions were objected to, not because they were improper cross-examination, but solely as calling for hearsay testimony. The questions called for statements by third persons, and the answers were apparently hearsay; but, in the absence of any information as to what the circumstances were with relation to which the witness testified on direct examination, we are unable to say that any error was committed in admitting the evidence. The answers were of such a nature, however, that we cannot conceive how they could possibly have prejudiced the de-

fendant, even if the questions were improper cross-examination, and the answers elicited were not within any exceptions to the hearsay rule.

The refusal to admit Exhibit D was clearly proper. The document purported to be the record of the coroner's inquest on the dead body of the insured. The document showed on its face as, indeed, the coroner, who was called as a witness, testified, that no formal inquest was held. In the blank space left for the insertion of the finding of the coroner's jury, the coroner had inserted what appeared to him to be the cause of the death of the insured, and the coroner signed his name in the space left for the signature of the jurors. No coroner's jury had been called, because the coroner apparently deemed it unnecessary. The coroner, who was a physician and surgeon, was a witness for defendant at the trial, and testified as to the facts he observed relating to the cause of death. Clearly the document had no probative force whatsoever. Puls v. Grand Lodge, 13 N. D. 559, 102 N. W. 165.

Dr. Kaufman, the coroner, was asked: "What, in your opinion, was the cause of his death?" He had not yet been asked, so far as the record shows, to state what facts he based his opinion on. Moreover, his subsequent testimony shows that he had not made a sufficient examination of the corpse to be able to form an intelligent opinion, and he was not asked to state his opinion based on facts and circumstances testified to by himself or other witnesses. The court very properly sustained the objection made to the question.

The remaining assignments of error are so manifestly devoid of merit as to require no mention.

The judgment and order appealed from are affirmed. All concur. (106 N. W. 44.)