FARGO SILO COMPANY, a Corporation, Respondent, v. PIONEER STOCK COMPANY, a Corporation, and H. N. Tucker, Appellants.

(170 N. W. 626.)

**Appeal and error — notice of appeal — duplicity — dismissal.**

1. Where a notice of an appeal embraces both an appeal from a default judgment and from an order refusing to vacate the judgment, the appeal will not, on motion, be dismissed as duplicitous.

Appeal and error — undertaking on appeal.

    2. An undertaking on appeal, sufficient to operate as a supersedeas under the provisions of § 7825 of the Compiled Laws of 1913, which recites the appeal from an order refusing to vacate a judgment as well as the appeal from the judgment itself, and which is conditioned for the payment of damages and costs and for the payment of the judgment, if either the judgment or the order appealed from is affirmed, is a sufficient undertaking to support the appeal from the order and the judgment.

Opinion filed December 12, 1918.

  Appeal from the District Court of Cass County, *A. T. Cole,* J.

Motion to dismiss interposed by respondent.

Motion denied.

*George H. Stillman,* for appellants.

Where both judgment and order denying a new trial are appealable both may be joined in one appeal. Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; Sucker State Drill Co. v. Brock, 18 N. D. 8, 118 N. W. 348, 18 N. D. 598, 120 N. W. 757, 18 N. D. 532, 123 N. W. 667; Shuman v. Ruud, 32 N. D. 327, 155 N. W. 688.

*Pierce, Tenneson, & Cupler,* for respondent.

Two wholly independent appeals cannot be taken by one notice of appeal. Prondzinski v. Garbett, 9 N. D. 244; State v. Gang, 10 N. D. 331; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20; Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Williams v. Williams, 6 S. D. 289, 61 N. W. 38; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165; Gordon v. Kelley, 104 N. W. 605; National Surety Co. v. Cranmer (S. D.) 131 N. W. 864. See also 3 C. J. p. 1224, note 43; Corcorn v. Desmond, 11 Pac. 815.

One undertaking on appeal is not sufficient where there is one appeal from a judgment and another from an order denying a motion for vacating and setting aside the judgment. Corcorn v. Desmont, 11 Pac. 815; Comp. Laws 1913, § 7824; Carter v. Butte Creek M. & P. Co. 131 Cal. 350, 63 Pac. 667 and cases cited; Wadleigh v. Phelps, 147 Cal. 135, 81 Pac. 418; Carter v. Butte P. Co. 131 Cal. 350, 63 Pac. 667; Theisen v. Matthai, 131 Pac. 747; Home etc. Associates v. Wilkins, 71 Cal. 626, 12 Pac. 799; Centerville, etc. Co. v.

Bachtold, 109 Cal. 111, 41 Pac. 813; Heydenfeldt's Estate, 119 Cal. 346, 51 Pac. 543.

An insufficient bond is invalid for any purpose and cannot be cured by the filing of a new undertaking under § 954. 131 Pac. 748. See also Home v. Wilkins, 12 Pac. 799; Re Heydenfeldt, 51 Pac. 545.

BIRDZELL, J. Respondents have moved to dismiss this appeal on two grounds: First, that the appeal is duplicitous in that the notice embraces both an appeal from an order denying defendants' and appellants' motion to vacate the judgment, which had been entered by default, and an appeal from the judgment; and, second, that the undertaking is ambiguous and wholly ineffectual in that it treats as one the attempted appeals which are combined in the notice. Both appeals are clearly attempted to be taken in the one notice. It may be thus technically duplicitous, but it does not necessarily follow from this that it should be dismissed. It is held in this jurisdiction and elsewhere that a notice of appeal may embrace both an appeal from an order denying a motion for a new trial and an appeal from a judgment. Such a notice is also, technically, duplicitous. Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 106 N. W. 44; Sucker State Drill Co. v. Brock, 18 N. D. 8, 118 N. W. 348; Williams v. Williams, 6 S. D. 284, 61 N. W. 38; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Carpentier v. Williamson, 25 Cal. 154; Winter v. McMillan, 87 Cal. 256, 22 Am. St. Rep. 243, 25 Pac. 407; Chester v. Bakersfield Town Hall Asso. 64 Cal. 42, 27 Pac. 1104. But yet, under our practice, both appeals are entertained, though embraced in the same notice. Unless there is some reason why an appeal of this character affects the rights of the respondent adversely, it should not be dismissed on the sole ground of its duplicitous character.

We can see no distinction between the character of duplicity involved in a notice of appeal which embraces both a judgment and an order denying a motion for a new trial, and a notice which embraces both a judgment and an order refusing to vacate the same. As pointed out by this court in an opinion written by Engerud, Judge, in Kinney v. Brotherhood of American Yeomen, 15 N. D. 21–27, 106 N. W. 44: "Errors of law can be reviewed on appeal from the judgment without a motion for a new trial; but the statute [which has since been

changed] forbids us to examine into the sufficiency of the evidence to support the verdict, unless the trial court has had an opportunity on a motion for a new trial to remedy the jury's erroneous decision of the facts. If the jury has taken an erroneous view of the evidence, it is an error at the trial which necessarily affects the judgment; and, although the trial court, after judgment, may refuse to grant a new trial, and thus commit error after judgment by refusing to rectify the error which the jury committed before, the fact remains that the inquiry on appeal as to the sufficiency of the evidence is in reality a review of an error before judgment. The trial court's ruling is merely a condition precedent to the right of the appellate court to examine into and remedy the error which the jury is alleged to have committed. Clearly, if the defeated party challenges the propriety of the judgment on the ground that there was error of law or fact in the proceedings which resulted in the judgment, he ought to be required to present all the reasons he assigns for reversing the judgment in a single proceeding, unless there is some good reason for not doing so."

Thus it is seen that, while separate appeals may be taken from the judgment and from the order denying a motion for a new trial, and while an appeal from the latter order is necessary in order that this court might, at least under the then existing statute, review the sufficiency of the evidence, an appeal embracing both matters was held proper, and a thing to be encouraged, for the reason that it tended to bring about a decision upon the merits of the whole controversy in one proceeding. Similarly, in the instant case, an appeal from a default judgment alone would bring nothing to this court except the judgment roll. But, where a motion has been made to vacate the judgment and the motion denied, the propriety of allowing the judgment to stand as a judgment binding the defendant, without a trial, is subject to a broader inquiry than would result if the court were confined to the judgment roll alone. It may also determine the propriety of the trial court's exercise of discretion in refusing to vacate the judgment. There is no distinction, in our opinion, in this respect, between an order refusing to grant a new trial and an order refusing to vacate a judgment. Viewed from the standpoint of the effect of granting or refusing to grant such motions, it will be seen that the effect in each case is substantially the same. In ruling upon one motion the court

may grant or refuse to grant a second trial, and upon the other the court may allow a trial to be had or disallow it. Nor can we see any distinction based on the circumstance that in granting a new trial the court is generally, though not always (as where based upon newly discovered evidence), moved by the prejudicial character of the proceedings anterior to judgment, as indicated in Kinney v. Brotherhood of American Yeomen, supra; whereas, in vacating a judgment, ordinarily there is not involved the legal sufficiency of any prior proceedings. The propriety of allowing the judgment to stand affords the real controversy in either case.

The decision of the South Dakota supreme court in the case of Gordon v. Kelley, 20 S. D. 70, 104 N. W. 605, where the opposite conclusion was reached, does not appeal to us as being correct. On the contrary, we regard this motion as being controlled by the principle announced by this court in the case of Kinney v. Brotherhood of American Yeomen, supra.

Passing to the second proposition,—that the undertaking is ambiguous and, as such, incapable of supporting either appeal. The undertaking purports to satisfy § 7825 of the Compiled Laws of 1913, which provides the form of an undertaking that will operate to stay the execution upon an appeal from a judgment. The body of the undertaking is as follows:

"Whereas, on the 15th day of December A. D. 1917, a judgment by default was entered in the above case in favor of the above-named plaintiff and respondent and against the above-named defendants and appellants in the sum of $235.85 damages and costs; and

"Whereas, on the 11th day of February A. D. 1918, an order was entered in the above cause by the said district court, overruling and denying in all things defendants' and appellants' motion to set aside and vacate the said judgment,

"And the above-named defendants and appellants feeling aggrieved thereby hereby intend to appeal therefrom the supreme court of the state of North Dakota;

"Now therefore, we do hereby undertake, promise, and agree that the appellants will pay all costs and damages which may be awarded against them on said appeal, or on a dismissal thereof, not exceeding the sum of $250, and also undertake in the sum of $500 that if the said

judgment so appealed from, or any part thereof, is affirmed, or if said order is affirmed, or said appeal dismissed, the said appellants will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it is affirmed only in part, and all damages which shall be awarded against said appellants on said appeal, not exceeding the aggregate of the amounts above mentioned."

It will be noticed that the undertaking refers both to the order and the judgment, and that the principals and sureties undertake to pay all costs and damages which may be awarded against them on the appeal, or on the dismissal thereof, not exceeding $250. In this respect, the undertaking is the same as the usual undertaking where the appeal is from a judgment and from an order denying a motion for a new trial. In addition, in order to operate as a supersedeas as to the judgment, it undertakes, in the sum of $500, for the payment of the judgment if the same or any portion thereof is affirmed, *"or if said order is affirmed, or said appeal dismissed;"* and for the payment of damages *"not exceeding the aggregate of the amounts above mentioned."* We are of the opinion that the foregoing undertaking gives to the respondent the full benefit of the statutory protection accorded him, and we are unable to see wherein he can be in any way prejudiced by the form of the undertaking.

For the foregoing reasons the motion to dismiss the appeal is denied.

GRACE, J. I concur in the result.

BRONSON, J., not being a member of the court when the case was submitted, did not participate.