## HENRY ERICKSON v. J. B. ELLIOTT.

Opinion filed June 19, 1908.

**Justice of the Peace — Amendment of Answer After Appeal.**

1. An amendment of an answer in district court filed on an appeal from a default judgment in justice's court is permissible, except as to matters wholly beyond the jurisdiction of the justice of the peace to determine.

**Same — Amendment to Plead Bankruptcy.**

2. An answer is amendable, subject to the discretion of the court, alleging a release of the debt sued on by virtue of bankruptcy proceedings begun after the action was commenced.

**Same — Reply.**

3. It is not necessary to reply to an answer alleging a release of the debt sued on by virtue of bankruptcy proceedings after the action was commenced, as an affirmative defense only is stated, and not a counterclaim.

**Judgment on Pleadings.**

4. It is error to grant a motion for judgment on the pleadings, where the answer states matters of affirmative defense, as proof of the affirmative defense must be made before the allegations of the answer can have any effect, except to settle the issues.

Appeal from District Court, McHenry County; *Goss*, J.

Action by Henry Erickson against J. B. Elliott. Judgment for plaintiff was reversed in the district court, and he appeals.

Reversed and remanded.

*Christianson & Weber,* for appellant.

On appeal from justice court, issue is same as below. O'Maley v. Garriott, 49 S. W. 108; Clements v. Carpenter, 78 S. W. 369; Cedar Hill Orchard & Nursery Co. v. Henney, 80 S. W. 278; Lamping v. Keenan, 12 Pac. 434; Union Pac. Ry. Co. v. Sternberg, 21 Pac. 1021; Currie v. Southern Pac. Ry. Co. 28 Pac. 884; Hollen v. Davis, 13 N. W. 413; Carlson v. Stocking, 65 N. W. 58; Frohlich v. Graulich, 71 N. W. 477.

Plea of bankruptcy not entertained after appeal from judgment below. Cornell v. Dakin, 38 N. Y. 253; Ward v. Tunstall, 2 Baxt. 319; Riggs v. White, 4 Heisk. 503; Dormire v. Cogly, 8 Black. 177.

*D. J. O'Connell* and *Chas. D. Donnelly,* for respondent.

Under the codes supplemental complaint, answer or reply setting up facts occurring since last pleading, is allowed. Revised Codes 1905, section 6887; Current Law, Vol. 6, 1046; Vol. 4, 1030; Allen v. City of Davenport, 87 N. W. 743; Swedish-American Bank v. Dickinson Co., 6 N. D. 222, 69 N. W. 455; Schouweiler v. Hough, 63 N. W. 776; Kirby v. Muench, 62 N. W. 93.

MORGAN, C. J.   This action was commenced in justice court on the 21st day of January, 1905.   The complaint alleged a cause of action on an indebtedness represented by a check drawn by the defendant in favor of the plaintiff upon the Towner Merchants' Bank for the sum of $150.   On presentation of the check at the bank, payment was refused, and this action was commenced.   The defendant did not appear in justice court on the return day fixed by the summons, and judgment by default was entered against him for the full amount claimed.   The defendant in due time appealed from the default judgment entered in justice court and filed an answer containing a general denial and a counterclaim for damages growing out of the alleged failure of the plaintiff to furnish extras and certain attachments to the machine sold by him to the defendant, and out of which purchase the indebtedness represented by the check is alleged to have accrued.   The appeal was regularly on the trial calendar at a jury term held at Towner in March, 1905. At that term the case was continued over the term on application of the defendant, without any showing made in favor of such continuance, and was continued over the objection of the plaintiff.   On March 29, 1906, the defendant made an application, unsupported by affidavits or any showing, for leave to file a supplemental answer setting up defendant's discharge from all his indebtedness, including the debt set forth in the plaintiff's complaint, by an order made in the district court of the United States under the bankruptcy laws.   The order of discharge was dated on August 21, 1905.   The trial court granted the defendant leave to file said supplemental answer, over plaintiff's objection.   On November 19, 1906, plaintiff moved to strike the supplemental answer from the files, and this motion was denied on December 14, 1906.   On the last-named day the defendant moved for judgment of dismissal of the action on the pleadings, and the motion was granted, over plaintiff's objection, and judgment of dismissal of

the action was thereafter entered. From this judgment of dismissal, the plaintiff has appealed to this court.

The errors complained of and specified on the appeal are: (1) In granting leave to file the supplemental answer; and (2) in granting the motion for judgment on the pleadings. Two grounds are urged against the correctness of the order granting leave to file the supplemental answer, and they are as follows: (1) That the district court had no authority or power to permit the trial of any issues on the appeal which were not embodied in the pleadings filed in justice court when the appeal was taken; and (2) that it was an abuse of discretion to permit the filing of such supplemental answer, for the reason that the defendant was estopped from filing such answer by his conduct in asking for a continuance while the bankruptcy proceedings were pending, and that leave to file such answer was error, for the reason that defendant had been guilty of laches in making his application to file such answer.

The appellant contends that the district court erred in permitting the defendant to file a supplemental answer, for the reason that the issues were thereby changed, which he claims is not permissible after an appeal. Section 8509, Revised Codes 1905, provides that: "The action shall be tried anew in the district court in the same manner as actions originally commenced therein." This section has been construed by this court as not a bar to an amendment of the pleading after the appeal, if the amendment does not pertain to a subject-matter that would not be within the jurisdiction of the justice court. Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593.

It is also urged that it was error to permit the supplemental answer to be filed for the alleged reason that the defendant was guilty of unreasonable delay before making his application for leave to file the same, and for the further reason that the answer presented an unconscionable defense which should not be permitted to be filed as a matter of favor and without terms. It is true that the supplemental answer was filed about eight months after the discharge in bankruptcy was given. In view of the record, we cannot say that this was an abuse of discretion. The district court was in a better position to determine this question, in view of what transpired before it when postponements were granted, and whether a trial court could have been had at the terms of court held during the time between the commencement of

bankruptcy proceedings and the filing of the supplemental answer. There is no merit in the contention that a release in bankruptcy presents an unconscionable defense or plea that should not be permitted to be pleaded as a matter of law. There might arise cases in which the circumstances would warrant a refusal to permit an answer to be filed setting up such release, but such refusal could not be justified as a matter of law solely, but would be a matter of discretion depending upon unreasonable or prejudicial delays in asking for leave to file an answer or plea setting forth the release or other facts, whereby the plaintiff was prejudiced through defendant's fault. In our opinion there is no legal principle upon which a plea of discharge in bankruptcy can be denied as a matter of law when the discharge is obtained after the issues had been made up. 5 Cyc. 406, and cases cited.

It was error, however, to grant defendant's motion upon the pleadings on the record as made when the motion was granted. The supplemental answer alleged a discharge from the debt on which the suit was based after the commencement of the action. This answer was no evidence of the fact of such release. Before the court could rightfully give effect to the allegation of a release, the release must be established by evidence or admitted. It is contended by the respondent that the defendant did not file a reply to the supplemental answer, and that the allegations thereof were consequently admitted. No reply was necessary. The answer stated an affirmative defense which, if proven, would entitle the defendant to a dismissal of the action. If a release in bankruptcy was granted, and it covered the claim in suit, and those facts were proven, then a dismissal of the action would follow. The appellant contends that the debt was contracted in fraud, and that the release in bankruptcy did not therefore include it. If this contention be true, it shows a further reason why the order for judgment of dismissal of the action on the pleadings should not have been granted.

For the error in granting the motion for judgment on the pleadings, the judgment is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.