## G. L. STROBECK v. OSCAR BLACKMORE.

### (165 N. W. 980.)

**Debts — payment in full — amount less than debt — offer of acceptance by creditor — may withdraw such offer — before actual payment.**

1. Where a creditor voluntarily offers in writing to accept as full payment of a debt owing to him an amount less than the debt, he is at liberty to withdraw the offer at any time before the amount is received in full satisfaction of the debt.

**New consideration — not necessary — for such offer and acceptance — within satisfaction — final payment — withdrawal of offer before.**

2. Sections 5826, 5828, and 5833, Comp. Laws 1913, construed and *held* not to require any new consideration for the satisfaction of a debt by the pay-

---

NOTE.—The rule that an agreement to accept, or the actual acceptance of, part of a past-due, liquidated, and undisputed indebtedness, in discharge of the whole, without other consideration, is not binding upon the creditor as a discharge or release of the amount remaining unpaid, is very generally adhered to in cases which cannot be taken out of its operation by some distinction, real or fanciful, as will be seen by an examination of the cases collated in notes in 20 L.R.A. 785; 11 L.R.A.(N.S.) 1018, and 21 L.R.A.(N.S.) 1005.

38 N. D.—38.

ment of a lesser amount, where there is a written acknowledgment of satisfaction, or where the payment of the lesser sum is made in pursuance of a written agreement to that effect; but such sections do not preclude the withdrawal before final payment of an offer made in writing.

**Conditional payment — amount less than debt — withdrawal before compliance with offer — evidence.**

3. Evidence examined and *held* to show, at most, only a conditional payment of the lesser amount, and to conclusively show a withdrawal of the creditor's offer before compliance therewith by the debtor; and consequently insufficient to establish an accord and satisfaction.

Opinion filed December 15, 1917.

Appeal from District Court of Dickey County, Honorable *Frank P. Allen,* Judge.

Reversed.

*Hitchinson & Lynch,* for appellant.

A certified check is not a payment even though the amount is sufficient to cover the obligation; and, assuming the bank had authority to collect the obligation, it could receive nothing but cash without special authority. It does not discharge the debt, nor does it constitute a tender. Schafer v. Olson, 24 N. D. 542, 43 L.R.A. (N.S.) 762, 139 N. W. 983, Ann. Cas. 1915C, 653; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; National Bank v. Johnson, 6 N. D. 180, 69 N. W. 49; 7 C. J. 614, 615; 2 C. J. 627; Griffin v. Erskine, 9 Ann. Cas. 1193, and note 1198, 131 Iowa, 444, 109 N. W. 13; Fosha v. O'Donnell, 120 Wis. 336, 97 N. W. 924; Scott v. Gilkey, 153 Ill. 168, 39 N. E. 265; Moore v. Pollock, 50 Neb. 900, 70 N. W. 541; Buffalo Center Land & Invest. Co. v. Swigart, 176 Iowa, 422, 156 N. W. 701; Comp. Laws 1913, § 7071; 2 Dan. Neg. Inst. 641; 8 C. J. 568; 30 Cyc. 1207.

A party must plead and prove payment, and the burden is upon such party to prove same. Comp. Laws 1913, §§ 5797, 5798, 27 Cyc. 1397.

"An obligation is extinguished by an offer of performance made in conformity with the rules herein prescribed and with an intent to extinguish the obligation." Comp. Laws 1913, § 5800.

An offer of partial performance is of no effect. It must also be made in good faith. Comp. Laws 1913, §§ 5801, 5808, 5809.

It is not only necessary to offer to pay the amount called for by an

obligation, but it is necessary to follow up the offer by an actual tender. Brown v. Smith, 13 N. D. 580, 102 N. W. 171; Swallow v. First State Bank, 35 N. D. 323, 160 N. W. 137, 35 N. D. 608, 161 N. W. 207.

A court of equity cannot depart from the principles of payment, tender, accord and satisfaction, offer and acceptance, and say to the creditor that he must take less than the sum due, where the party making the offer has not placed himself in a position when the court can say that he must pay the lesser amount. Kinney v. Brotherhood of American Yeoman, 15 N. D. 21, 106 N. W. 44; Webster v. McLaren, 19 N. D. 753, 123 N. W. 395; Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656; Chrystal v. Gerlach, 25 S. D. 128, 125 N. W. 633; Troy Min. Co. v. Thomas, 15 S. D. 238, 88 N. W. 106; Hagen v. Townsend, 27 S. D. 457, 131 N. W. 512; Gilia v. Robbins, 134 Minn. 45, 158 N. W. 807; McIntosh v. Johnson, 51 Neb. 33, 70 N. W. 522; New York L. Ins. Co. v. MacDonald, — Colo. —, 160 Pac. 193; Schweider v. Lang, 29 Minn. 254, 43 Am. Rep. 202, 13 N. W. 33; 1 C. J. 527, 529, 533, 539, 543; 1 R. C. L. 177, 203; Reilly v. Barrett, 220 N. Y. 170, 115 N. E. 453; Moore v. Norman, 43 Minn. 428, 9 L.R.A. 55, 19 Am. St. Rep. 247, 45 N. W. 857, 52 Minn. 83, 18 L.R.A. 359, 38 Am. St. Rep. 526, 53 N. W. 810; Bank of Benson v. Hove, 45 Minn. 40, 47 N. W. 449; Curkeet v. Steinhoff, 130 Wis. 146, 109 N. W. 975.

If payment is made on any condition, such condition must be accepted before it can operate to discharge the debt. 30 Cyc. 1187, and cases cited.

The pretended payment on delivery of the check was but a mere conditional offer to pay, and invalid as a tender for any purpose. Noyes v. Wyckoff, 114 N. Y. 204, 21 N. E. 158; Mann v. Roberts, 126 Wis. 142, 105 N. W. 785; Halpin v. Phenix Ins. Co. 118 N. Y. 165, 23 N. E. 482, 1 R. C. L. 200; Smith v. Black, 9 Colo. App. 64, 47 Pac. 394; 25 Colo. 57, 52 Pac. 1108; Beranek v. Beranek, 95 Neb. 311, 145 N. W. 712; First Nat. Bank v. Day, 188 Mich. 228, 154 N. W. 101; Swallow v. First State Bank, 35 N. D. 608, 161 N. W. 207; 27 Cyc. 1406; Easton v. Littooy, 91 Wash. 648, 158 Pac. 531; Root v. Bradley, 48 Mich. 27, 12 N. W. 896; Canfield v. Conkling, 41 Mich. 371, 2 N. W. 191; Renard v. Clink, 91 Mich. 1, 30 Am. St. Rep. 458, 51 N. W. 692; Breunich v. Wesselman, 100 N. Y. 609, 2 N. E. 385; Hayward v. Chase, 181 Mich. 614, 148 N. W. 214; Reynolds v. Price,

88 S. C. 525, 71 S. E. 51; Parker v. Beasley, 116 N. C. 1, 33 L.R.A. 331, 21 S. E. 955; Tuthill v. Morris, 81 N. Y. 94; Davies v. Dow, 80 Minn. 223, 83 N. W. 50; Holton v. Brown, 18 Vt. 224, 46 Am. Dec. 148; Knollenberg v. Nixon, 171 Mo. 445, 94 Am. St. Rep. 790, 72 S. W. 4_; Post v. Springsted, 49 Mich. 90, 13 N. W. 370; Potts v. Plaisted, 30 Mich. 149; Engle v. Hall, 45 Mich. 57, 7 N. W. 239.

The burden of proving agency is on him who claims it in his own interests.  2 C. J. 562, 564, 927, §§ 669, 670; Fitch v. Englehardt, 34 N. D. 187, 157 N. W. 1038; Schafer v. Olson, 24 N. D. 542, 43 L.R.A. (N.S.) 762, 139 N. W. 983, Ann. Cas. 1915C, 653; McMullen v. People's Sav. & L. Asso. 57 Minn. 33, 58 N. W. 820; Fair v. Bowen, 127 Mich. 411, 86 N. W. 991; Thomas v. Arthurs, 8 Kan. App. 126, 54 Pac. 694.

Where one is kept in ignorance of material facts touching the transaction, he cannot be estopped to assert his rights, after discovery.  Quale v. Hazel, 19 S. D. 483, 104 N. W. 215.

*F. J. Graham* for respondent.

It is the settled law that payment of a debt by a stranger and without the debtor's request, if accepted as such by the creditor, discharges the debt so far as the creditor is concerned.  30 Cyc. 1221.

Ratification of party of an indivisible transaction is a ratification of the whole.  Code, § 6332, 2 C. J. p. 467, § 77.

Plea of payment may be sustained by proof of accord and satisfaction.  Green v. Hughitt School Twp. 5 S. D. 452, 59 N. W. 224; 30 Cyc. 1180.

Acceptance may be implied from the conduct of the creditor.  Prather v. State Bank, 3 Ind. 356; Globe Furniture Co. v. School Dist. 6 Kan. App. 889, 50 Pac. 978; Grandy v. Abbott, 92 N. C. 33; Moore v. Tate, 22 Gratt. 351; Jenkins v. National Mut. Bldg. & L. Asso. 111 Ga. 732, 36 S. E. 945; Voss v. Mutual Ben. L. Ins. Co. 81 Fed. 24.

One cannot change his purpose to the injury of another.  Comp. Laws 1913, § 7246.

He who consents to an act is not wronged by it.  Comp. Laws 1913, § 7249.

BIRDZELL, J.  This is an appeal from a judgment of the district court of Dickey county, quieting title in the plaintiff to certain lands

described in the complaint, and adjudging that certain mortgages held by the defendant and appellant have been fully paid and satisfied. The action is one to quiet title, and the complaint is in the statutory form. The defendant, Blackmore, interposed an answer setting up certain notes and mortgages as liens upon the land which he contends are unpaid. The sole question presented upon this appeal is whether or not the mortgages of defendant and appellant have been satisfied.

The facts are as follows: One Preston Z. Mowry, was formerly the owner of the lands described in the complaint, and, while owning the lands, he and his wife executed mortgages to the defendant, Blackmore, as follows: One dated August 20, 1910, for $5,000; one dated October 28, 1910, for $2,500; one dated March 4, 1912, for $2,500; one dated March 9, 1912, for $2,500; one dated October 26, 1914, for $6,000; and one dated March 3, 1915, for $6,000. No interest was paid on any of the mortgage notes in 1915, and on November 1, 1916, by reason of such nonpayment and the acceleration provision in the otherwise undue obligations, there was due and owing to the defendant, according to the tenor of the various notes, the sum of $28,229. The respondent, however, contends that an accord and satisfaction has been effected whereby the lien of the mortgages has been discharged by the payment of a lesser sum. It appears that Blackmore, who resides at Davis, Illinois, loaned money upon the security of lands in North Dakota, and that one F. B. Dille, cashier of the Farmers & Merchants' Bank of Monango, had acted as his agent in making the loans. In October, 1916, Mowry informed Blackmore that he could not raise the money to meet his obligations and was consequently compelled to dispose of the land. He further requested that Blackmore send the papers, including releases, abstracts, mortgages and notes to the Farmers & Merchants' Bank at Monango for collection, and stated that they would be taken up on or before November 1st. Blackmore complied with this request about October 20th, by forwarding the papers to F. B. Dille, cashier of the bank. For the convenience of the purchasers of the land, these papers were forwarded by Dille to the Fergus Falls National Bank, which, on November 1, 1916, collected $27,911.50 thereon, remitting to Dille in the shape of a certified check for that amount, signed by Strobeck and Ulland. This check was payable to F. B. Dille, cashier. In the letter accompanying the remittance, the cashier of the Fergus Falls

National Bank called attention to the fact that the satisfactions which had been sent by Blackmore were defective, and he asked Dille to "please see that the satisfactions were properly executed before using the funds." He stated, further, that as the money was payable at the Monango bank, the purchasers wished it to be understood that no interest would accrue on the mortgages after November 1st. The amount remitted corresponded with the tabulated statement of the amount due, contained in Dille's letter of transmittal to the Fergus Falls National Bank. The subsequent correspondence between Dille and Blackmore is unimportant except as it shows that Blackmore was kept in ignorance of the amount that had been collected upon the papers, that he refused to acquiesce in the delay in the transmittal of the money owing to him, and that he demanded interest for the use of the money until payment.

It seems that Blackmore was perfectly willing, at least as far as Mowry was concerned, to liquidate the entire indebtedness owing to him on the basis of 7 per cent for the money loaned, and at a similar rate upon overdue interest, even though, under the notes and mortgages, he would have been entitled to collect more. In a letter of October 17, 1916, written to Dille, Blackmore said: "I have dealt with Mr. Mowry a long time, and am very sorry to have him go under, and all I ask of him is to get me 7 per cent for the use of my money. When he returns the principal, and I want it understood that I never expect to charge any of my customers anything extra for failing to get around in time, but I wrote to him that as on one of his notes where there was no coupon I could not collect compound interest, so I would have to take more on the coupon in order to get even.

"You know what I mean. I only want 7 per cent fair, that is all." In another letter of October 26th, Blackmore also says: "I have sent them (the mortgages and notes) and want you to see that I have just 7 per cent on them on all of the time the money is in use. I know that cannot fail to suit *all parties*. I do not know, of course, when they may be paid, but expect them paid November 1st. I told Mowry that I knew I could not collect compound interest, and as he has the use of the money, if no other way, I could charge a higher rate on the unpaid coupons. Thus you will see I only want 7 per cent on all of the money while in use."

It is undisputed that Mowry's obligation to Blackmore, figured at 7 per cent to November 1st, amounted to more than the sum collected by Dille; namely, $27,911.50.

The trial court found that Dille's computation placed the amount at $64.58 too low. It also appears in the findings that the plaintiff, on the 13th day of March, 1917, at the time of the trial of the action, deposited in court $33.48 and interest at 10 per cent from November 1, 1916, to date; and that on the 13th of April, after the trial of the action, plaintiff deposited in court the sum of $32.75 as a balance due the defendant under the settlement. Under the above facts the trial court, having found that the mortgages were satisfied, entered a judgment in favor of the plaintiff.

From the foregoing statement of the undisputed facts, it is manifest that Blackmore, the defendant, has never actually received full satisfaction of the notes, according to their tenor, and it is equally apparent that before the commencement of this action, in fact soon after the partial conditional payment was made, he withdrew the offer he had previously made to settle for a lesser sum. It is argued, however, by the respondent, that Dille was the agent of Blackmore for the purpose of collecting the notes, and that, being such agent, he was bound by the proposition submitted by Dille to the Fergus Falls bank, under which he called for the payment of $27,911.50. Counsel have, however, apparently abandoned this theory; for they have paid into court an additional amount sufficient to equal the principal and 7 per cent upon the indebtedness. Regardless of any concession that might be implied by payment of a balance into court, we are convinced that the proposition of the agent, considering him for the purpose of argument as such, was neither unconditionally accepted by the purchaser of the land nor by anyone on his behalf; for, instead of paying the amount unconditionally, the Fergus Falls bank remitted to Dille directly, and instructed him not to use the funds until satisfactions were properly executed. In no sense could such a remittance with these accompanying instructions be regarded as an unconditional acceptance of Blackmore's proposition made through Dille to settle the entire indebtedness for $27,911.50. This transaction, regarded in the light most favorable to the plaintiff, falls far short of amounting to an absolute payment of the lesser sum.

It is elementary that an executory accord does not operate as a satisfaction of the obligation which is made the subject-matter thereof, and that satisfaction dates only from the time of the complete execution of the accord by the actual acceptance of the thing rendered in satisfaction. Section 5826, Comp. Laws 1913, provides that *"acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction."* A mere offer by a creditor to accept less than the amount owing to him in full payment of the obligation is not in itself an offer of accord, because it lacks the element of consideration. If such offer, however, is made in writing and is completely and unequivocally accepted by a full compliance with the proposal, or, if there be an acknowledgment in writing of full satisfaction of a debt, when in fact only part has been paid, the entire debt is extinguished, even though there be no consideration. Comp. Laws 1913, §§ 5828 and 5833. But this is by force of statutory provisions which obviate the necessity of consideration in instances where a creditor makes written acknowledgment of satisfaction, or receives a lesser sum in satisfaction pursuant to a written agreement to that effect. But the facts of this case do not bring it within either of these statutes.

It is apparent that any offer which Blackmore made in writing was revoked before any amount had been received by him in satisfaction, and that any offer which may have been made on his behalf by an agent was withdrawn and the agency revoked before such offer was fully complied with. The creditor had a right to withdraw his offer or terminate his *nudum pactum* agreement at any time he should see fit; and having done so before there was a sufficient compliance to amount to a satisfaction of the obligation owing to him, he has a legal right to insist upon the full payment of his obligation.

It is useless to argue that Dille's acceptance and retention of the certified check for $27,911.50 amounted to a satisfaction or precluded Blackmore from subsequently claiming the amount legally owing to him. Even though Dille be regarded as the agent of Blackmore, it yet appears that the certified check was accompanied with definite instructions going to show that the original proposition, made by Blackmore, through Dille, to the purchaser, was not unconditionally accepted. The Fergus Falls bank, rather, constituted Dille its agent to hold the check pending the

execution of proper satisfactions, which condition has never been complied with. There having been no acceptance by the creditor or by anyone on his behalf of the certified check, the argument of the respondent that the giving of a check of a third person may satisfy a debt of larger amount falls to the ground.

Neither can it be successfully maintained that Blackmore acquiesced in and ratified Dille's action in taking the certified check. On November 3d, Dille wrote Blackmore, inclosing the satisfaction for correction as he was directed to do by the Fergus Falls bank; and in his letter stated, "This will hold up payment of the mortgages, and I hope that you can get these back to us promptly." To this letter, Blackmore promptly replied that he could not see wherein the satisfactions were defective; and, furthermore, that whenever he had had paper due him in the past, he had been given thirty days' time to release the mortgages; and he also stated, "Now, if your man wants this to be a go, he should know that I will not let him keep the use of this money and not get pay for the use of it, so let me know what he says, and then I will know whether to send him the new papers or not." After this date a number of letters passed between the parties, and in them all one negative fact and one positive fact stand out; Dille refrains from apprising Blackmore of the amount collected, and Blackmore insistently demands 7 per cent to the date the money is actually paid to him. Later, on November 23d, Blackmore demanded a return of the papers to him.

There is no finding of fact in this case to the effect that the draft for $27,911.50 was never accepted either by Blackmore or by his agent as a satisfaction of the obligation to pay the larger sum; nor, in view of the record, do we see how such finding could be made. For the foregoing reasons, the judgment of the trial court, decreeing that the defendant and appellant no longer has a lien upon the premises covered by the mortgages, is erroneous and is reversed.

GRACE, J. I dissent.