WILLIAM LEHDE, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY, of Pittsburgh, Pennsylvania, a Corporation, Appellant.

(180 N. W. 56.)

**Insurance — after unexecuted accord insured held entitled to maintain action on original policy.**

In an action upon a policy of crop insurance to recover losses sustained where the plaintiff received from the insurance company a repayment of the premium, and signed a release and settlement in full upon the representations made that the company was insolvent, and that he would receive further payment if likewise further payment were made to other policy holders, and where, from the evidence, it appears that the insurance company was not insolvent, and did make further payments to other policy holders, it is *held* that the settlement made constituted an accord, unexecuted by the insurance company, and that the plaintiff was entitled to maintain his action upon the original contract of insurance.

Opinion filed November 16, 1920.

Action upon a policy of crop insurance in District Court, Morton County, *Crawford, J.*

From a judgment in favor of the plaintiff and from an order denying a judgment *non obstante,* or, in the alternative, for a new trial, the defendant has appealed.

Affirmed.

*Barnett & Richardson,* for appellant.

"What constitutes a reasonable time within which to declare a rescission is ordinarily a question of fact. It may, however, be a ques-

tion of law, if the circumstances are such as to demonstrate unreasonable delay." Mfg. Co. v. Troll, 69 Mo. App. 480; Publishing Co. v. Hull, 81 Mo. App. 280.

"What is to be regarded as a reasonable time is, when the facts are clear, a matter of law. Where the proof is conflicting, it is a mixed one of law and fact." Wiggins v. Burkham, 77 U. S. 129; Cookingham v. Dusa (Kan.) 21 Pac. 95.

*Nuchols & Kelsch* and *Jacobsen & Murray,* for respondent.

If this policy of insurance is a liquidated claim, then the plaintiff was not required to restore, as a condition precedent to the maintenance of this action. Helvetia Copper Co. v. Hart-Parr, 171 N. W. 272.

A party repudiating a release cannot be required, as a condition precedent, to return the amount paid upon a specific liquidated demand, justly owing, simply because it was paid as part of the transaction of settlement. Swan v. G. N. Ry. Co. (N. D.) 168 N. W. 657; Ross v. Gold Ridge Min. Co. (Idaho) 95 Pac. 821; Farmers & M. Life Asso. v. Caine, 79 N. E. 957; Springfield F. & M. Ins. Co. v. Hull, 37 N. E. 1116; Sheanon v. Pacific Mut. L. Ins. Co. 53 N. W. 874; Isaacs v. Wishnick (Minn.) 162 N. W. 297; 12 C. J. p. 356, § 58.

Plaintiff's complaint is not only based upon the insurance policy, it is also based upon fraud, and for damages by reason of such fraud. In such a case, a restoration is not necessary. Home Ins. Co. v. Howard, 13 N. E. 104; Swan v. G. N. R. Co. supra; Mathias v. Farmers Mut. Hail Ins. Co. (N. D.) 168 N. W. 664.

BRONSON, J. This is an action upon a policy of crop insurance. The defendant, an insurance company, has appealed from a judgment in favor of the plaintiff and from an order denying judgment *non obstante,* or, in the alternative, for a new trial. The complaint alleges the issuance of a policy of insurance against the failure of crops from hail or any other causes except fire, flood, and winter kill, for the season of 1917, in the sum of $1,001 upon farm lands of the plaintiff, in Morton county; the partial destruction of the crops during the season through hail, dry weather, or hot winds; the adjustment of the plaintiff's loss in the sum of $481.50. Further, that the defendant fraudulently represented that it was in hard financial straits, unable to pay the plaintiff more than the amount of the premium, namely $100.10;

that, if it could not receive a settlement from the policy holders on the basis of the return of the premium, then the company would go into bankruptcy; that the plaintiff, relying on such representations, was induced to accept a return of the premium, and to sign a release to the defendant upon the false representations that the same was merely a receipt for such premium. That such representations were false; the company was not in hard financial straits or bankrupt; the company was able to pay its losses and that most of the policy holders received and collected from the defendants 100 per cent thereof, and that thereafter the plaintiff, having become aware of the falsity of such representations, canceled the alleged release and offered to restore the amount paid to him upon the condition that the defendant should restore to him the policy and release. Judgment was demanded for the amount of the adjustment less the amount paid by the defendant. The answer admitted the issuance of the policy and the payment of the premium. It admitted that it was not bankrupt, and that certain of the policy holders did not accept return of the premium and settle for merely a return of the premium paid by them. It alleges that the paper signed by the plaintiff was intended and understood to be a settlement of plaintiff's loss and a release in full; further, that the plaintiff represented at the time of making the application that the crops were of a good stand and in good condition, all of which was not true. That, through misrepresentation, fraud, and concealment concerning the condition of the crop at the time of making the application for insurance, the policy became void; that by reason thereof, the defendant denied liability and offered to pay the plaintiff the premium, and that such offer was accepted. The answer further alleges, as an affirmative defense, a full settlement between the parties of all the claims and demands against the defendant under such policy.

There is evidence in the record by the plaintiff and by the party who was the agent of the defendant at the time the insurance was written and the adjustment made, to the following effect:

In June, 1917, an application was solicited and received by this agent from the plaintiff for such crop insurance upon 143 acres of plaintiff's land. The policy of insurance was issued on June 28, 1917. At the time when the application was made and the policy was issued, the land was in good shape, it was well seeded and the crop prospects were good. Later, in July, dry weather and hot winds occasioned a

partial failure of crops. Subsequently, the crops were threshed, excepting the flax, which was not cut nor threshed owing to its poor condition. The plaintiff, in August, 1917, gave notice of crop loss under the policy, claiming the sum of $498.50. The amount of plaintiff's loss is determined under the policy by a fixed valuation per acre, deducting the value of the crops, as produced, pursuant, likewise, to a fixed value per bushel. This amounted to $481.50. The adjuster of the defendant came to the office of its agent; there the plaintiff was called. He was advised that the company was in straightened circumstances and could not pay the claims of the farmers, but that they would be willing to pay back the amount of the premium if plaintiff so desired. The agent advised him to receive back his premium, and that he would pay it to him if he would sign a receipt. They further represented that it was best for plaintiff to take his note back, and that, if they were compelled to pay others more, he would receive more. Accordingly, the plaintiff signed a paper that was a release in full to the defendant. He did not know it was a release in full. Through this release he received the amount of his premium by a draft issued by the defendant to him. The agent testified that he was authorized to write the insurance and to make the adjustment. That he advised the plaintiff to receive his premium back and to sign a receipt. That he told him that the company was broke and could not pay; that he advised him if any others received any more money after awhile, he, the plaintiff, would get the same. Later, the plaintiff discovered that the company was not bankrupt; that it had paid more to other policy holders; thereupon he instituted this action. Through his attorneys he offered to return the premium money so received by him, with interest, upon condition that the company return to him the policy. In open court the plaintiff offered to tender a check for $112 for the amount of such premium so received. This was objected to by the defendant upon the ground that it was not timely, nor prompt, nor in accordance with the rules pertaining to tender, and immaterial and insufficient in law. This agent further testified that the company was not bankrupt as he discovered, and settlements were made with others not upon the basis of returning the premium note.

## Decision.

Plaintiff's cause of action is based upon the contract of insurance.

He seeks to recover the difference between the amount of loss sustained under the policy and the amount paid thereon by the defendant. The defendant contends that the record does not support the cause of action alleged, nor the fraud as alleged, and further, that, as a matter of law, the plaintiff did not rescind the settlement and restore and offer to restore the consideration received upon the settlement, pursuant to the requirement of the statute in such case provided. Comp. Laws 1913, § 5936. Particularly the defendant asserts that the plaintiff cannot recover upon the alleged cause of action, for the reason that, upon the plaintiff's own testimony, the evidence discloses that he understood that he was making a settlement with the company when he signed the release in question, by reason of his testimony to the effect that his loss was settled unless other people received more money than the company was paying to him. We are unable to adopt defendant's contention. It is unnecessary to pass upon the sufficiency of the evidence to form a question of fact for the jury upon the question whether the plaintiff understood that he was signing a release or a settlement. It is clear, upon the evidence in the record, that, pursuant to defendant's contentions, in any event, the settlement constituted merely an unexecuted accord and satisfaction.

It is undisputed that the defendant was not bankrupt nor insolvent at the time of the alleged settlement. The defendant, in its answer, admits that all the policy holders did not settle with the defendant upon the basis of the return of the premium. There is evidence in the record that some of the policy holders received more than the return of their premium notes. At least one had an agreement to receive 100 per cent thereof. Accordingly, it appears that the defendant had not executed its part of the accord. The obligation of the defendant, therefore, was unextinguished. The plaintiff was entitled to maintain and has maintained his action thereupon. Comp. Laws 1913, § 5826; Strobeck v. Blackmore, 38 N. D. 593, 165 N. W. 980; 1 C. J. 534. Under such circumstances the principles concerning rescission of a contract and the restoration of the consideration received do not apply. The cause of action and the judgment rendered are sustained by the evidence. The judgment and order are affirmed.

CHRISTIANSON, Ch. J., and ROBINSON, and BIRDZELL, JJ., concur.

GRACE, J., disqualified, did not participate.