SAM G. MESKE, Appellant, v. J. A. MELICHER, Respondent.

(194 N. W. 737.)

**Accord and satisfaction — remedies of parties when agreement of accord not wholly executed stated.**

Where there is an agreement of accord between the parties which is partly but not wholly executed on the part of the defendant, plaintiff, under § 5826, Comp. Laws 1913, providing, "Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed, may either (1) sue on his original claim for any balance remaining after crediting thereon that which has been paid under the accord, or (2) sue on the contract of accord for breach thereof."

Opinion filed July 26, 1923.

Accord and Satisfaction, 1 C. J. § 21 p. 533 n. 9; § 23 p. 534 n. 14.

Appeal from the District Court of LaMoure County, *McKenna,* J.
Action for goods sold and delivered.
From a judgment for the defendant, plaintiff appeals.
Affirmed.
*John A. Jorgenson,* for appellant.
*R. H. Sherman,* for respondent.

NUESSLE, J.　This is an action to recover money for goods sold and

delivered. The complaint alleges that in September, 1921 the plaintiff sold and delivered to the defendant certain personal property of the reasonable value of $3,100 that the defendant agreed to pay therefor on October first, 1921, but has not done so, though demand therefor has been made. The defendant, answering, denies generally all the matters set out and contained in the complaint, and alleges that on August 15, 1921, the plaintiff was indebted to the defendant in the sum of $2,700 evidenced by a certain note secured by chattel mortgage on the property claimed by the plaintiff in his complaint to have been bought by the defendant; that on said date there was a full accord and satisfaction of such indebtedness, at which time the defendant cancelled the said $2,700 note and delivered the same together with a satisfaction of the mortgage securing it to the plaintiff and agreed to pay to and for the plaintiff the sum of $400, and the same was accepted by the plaintiff in full settlement; that the property described in the complaint was thereupon transferred and delivered by the plaintiff to the defendant; that thereby the plaintiff has been fully paid by the defendant; and that such payment by the defendant and the cancelation and delivery of the note and satisfaction of mortgage in question were accepted by the plaintiff as a full accord and satisfaction. The issues as thus made were tried to a jury, and at the conclusion of the case the defendant moved for a directed verdict. Notwithstanding the statute, chapter 133, Laws of 1921, the motion was granted, and the jury, at the direction of the court, returned a verdict for the defendant. Judgment was thereafter entered on said verdict, and this appeal is from that judgment.

The errors specified and relied upon by the plaintiff as justifying this appeal arise by reason of the rulings of the court on questions of evidence during the course of the trial, and on account of the action of the court in directing the verdict at the conclusion of the trial.

The facts as stated by the plaintiff and appellant in his brief on this appeal (and they are to be considered as established by the evidence and offers of proof of the plaintiff) are as follows: Plaintiff farmed as a tenant certain lands belonging to the defendant on a crop share contract. In November, 1920 plaintiff and his wife executed and delivered to the defendant their promissory note for $2,700 and interest at 10 per cent due in October, 1921 and secured by a chattel mort-

gage on their personal property. At the time of the execution of this note, the 1920 crop had not been sold. Thereafter the defendant sold the entire crop and kept the whole proceeds. In addition there were other accounts between the parties. On August 15th, 1921 plaintiff agreed to remove from the land and terminate his tenancy, and a proposed settlement was effected between the parties as follows: The plaintiff sold and delivered to defendant horses, cattle and machinery for the sum of $3,100. Plaintiff retained his undivided interest in the 1921 crop then harvested but not threshed, and the money due him for conversion for a share of the 1920 crop; *in payment of the $3,100 due for horses, cattle and machinery sold and delivered and for further labor to be done and services performed by defendant for plaintiff, and in settlement of other claims (excepting, however, the 1920 and 1921 crops) defendant was to surrender and cancel the $2,700 note and pay plaintiff $450.* The note was surrendered and canceled and the $450 paid as agreed, but the defendant failed to pay for plaintiff's share of the 1920 crop, and refused to deliver the plaintiff's share of the 1921 crop.

The plaintiff's position is that the accord has not been executed; that, therefore, the plaintiff may elect to treat the accord as null and void, and the $2,700 note paid through conversion by defendant of the plaintiff's share of the 1920 and 1921 crops, leaving the $3,100 purchase price for horses, cattle and machinery still due and unpaid. The defendant's contention is that there was no exception in the agreement of accord as to the 1920 and 1921 crops, and that the defendant was to surrender and cancel the $2,700 note and pay plaintiff $450, and the plaintiff was to receive the same in full satisfaction of all differences between them. At the trial the plaintiff proved the sale and delivery of the personal property for the agreed sum of $3,100. Defendant then offered evidence tending to establish the accord, as he claimed the same to be, and the satisfaction of the same. Plaintiff then sought to show that the agreement of accord was in fact different from that contended for by the defendant in that defendant was to pay plaintiff for his share of the 1920 crop, and deliver to him his share of the 1921 crop, and offered evidence tending to show such an agreement. To this proffer on the part of the plaintiff, the defendant objected on the ground that it was not admissible under the pleadings.

The objection was sustained, and the evidence excluded, and upon this state of the record a verdict was directed for the defendant.

Appellant's assignments of error are predicated on the rulings of the court in excluding evidence on the objection of the defendant as above set out, and in later directing the verdict for the defendant on the record thus made.

It is the appellant's contention that the accord agreement arrived at between the parties was not executed by the defendant, and may, therefore, be considered by plaintiff as repudiated by defendant. An accord, as defined in our statute, § 5825, Comp. Laws 1913, "is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled." Section 5826, Comp. Laws 1913, provides: *"Though the parties to an accord are bound to execute it,* yet it does not extinguish the obligation until it is fully executed." So where an accord has been arrived at, but is not fully executed, the party to whom something yet remains due has, under the section last cited, his remedy in two directions. He may either consider the accord repudiated and sue on the original obligation, crediting thereon that which has been paid and recover the balance remaining—Shubert v. Rosenberger, 45 L.R.A. (N.S.) 1062, 123 C. C. A. 256, 204 Fed. 934; Lchde v. National Union F. Ins. Co. 46 N. D. 162, 180 N. W. 56; Strobeck v. Blackmore, 38 N. D. 593, 165 N. W. 980; 1 C. J. 534; or he may sue on the contract of accord for that which remains due to him on account of that contract. Comp. Laws 1913, § 5826. Williston, Contr. § 1848. At the common law he could not sue on the contract of accord, but had only his remedy on the original obligation after crediting that which had been paid. That is, an accord until satisfied was revocable at the pleasure of either party.

See 2 Parsons, Contr. 9th ed. p. 837 and cases cited; Williston, Contr. §§ 1839, 1840. There is a dictum in the case of Kinney v. Brotherhood of American Yeomen, 15 N. D. 21. 106 N. W. 44, from which it might be inferred that the old common-law rule in this regard is the law in this state. But we think that § 5826 must have been overlooked by the court at the time of rendering that decision. A reference to the original Field Code, § 652, from which our statute was adapted, shows that the rule as we now have it in the first clause of

§ 5826 is based on the case of Billings v. Venderbeck, 23 Barb. 546, which holds that an accord unperformed, consisting of mutual promises, and thus having a new consideration, is binding upon the parties, and an action will lie for a breach of it.

It will be noted that the case at bar is brought to recover the purchase price of certain property sold and delivered to the defendant by the plaintiff. The defendant admits the purchase of the property but contends that the same has been paid for. The only disagreement between the parties is that the plaintiff claims that while the property in question was in fact sold to the defendant and the defendant paid therefor, yet that as a part of the same transaction there was an agreement on the part of the defendant to pay certain other matters in difference between the parties, which he has not done; on the other hand, the defendant admits the purchase and sale of the property in question but denies that there was any further agreement as to the payment of any other items. If there was an accord executory, the plaintiff, as we have shown, may sue on the original claim, crediting thereon that which has been paid. But surely he cannot be permitted to separate that claim into its various constituent elements and credit such payments as may have been made on such items as he sees fit, and sue on the remaining items, declaring on them alone. That is what he has attempted to do here. So far as the personal property is concerned for the purchase price of which he declares, the agreement of the defendant was performed, as plaintiff himself concedes. It is true that under the code, § 7439, Comp. Laws 1913, all forms of pleading are abolished, yet § 7440 provides that the complaint shall contain a plain and concise statement of facts constituting the cause of action without unnecessary repetition. This to apprise the defendant of the nature of the plaintiff's claim. We do not believe that the complaint in this case can be said to meet that requirement, so as to permit plaintiff to prove the case that he contends for. Even the most liberal construction will not sustain his contention. While, if the plaintiff saw fit to consider the accord repudiated for the reason that the defendant had not executed the same, he might do so and sue on the original claim, yet that claim in this case consisted of numerous items in addition to that sued on, and should have been stated in his complaint. Had he pleaded the original claim consisting of the various items that were

the subject of the agreement of accord or those items thereof with respect to which the accord had not been executed, and had the defendant then pleaded an accord and satisfaction thereof, and offered proof in support of his plea, unquestionably the plaintiff might, without any further pleading, have offered in evidence at the proper time anything tending to show what the agreement in fact was and that it had not been complied with.  Comp. Laws 1913, §§ 7452, 7467–7477; Kinney v. Brotherhood of American Yeomen, supra; Erickson v. Elliott, 17 N. D. 389, 117 N. W. 361.  But he cannot do this when suing on account of a single item which was expressly paid under the accord agreement.  That being the case, the rulings of the trial court on the objections interposed by the defendant were right; and although the statute, chapter 133, Laws of 1921, contemplates that no verdict shall be directed, nevertheless in this particular case, since no objection was made to and no error is predicated on, the action of the trial court in disregarding this statute, the judgment must be affirmed.  First Nat. Bank v. Strauss, (N. D.) 194 N. W. 900, just decided.  This judgment, of course, will be no bar to an action either on the original claims which were the subject of the alleged accord, or on the contract of accord.

Judgment affirmed.

BRONSON, Ch. J., and JOHNSON and CHRISTIANSON, JJ., concur.

BIRDZELL, J., concurs.