Paul J. SPILOVOY, Plaintiff and Appellee,

v.

Gary GLIEGE, Defendant and Appellant.

Civ. No. 9806.

Supreme Court of North Dakota.

Nov. 3, 1980.

---

Pringle & Herigstad, Minot, for plaintiff and appellee; argued by Donald A. Negaard, Minot.

Bosard, McCutcheon, Holum & Rau, Minot, for defendant and appellant; argued by Phillip D. Armstrong, Minot.

PEDERSON, Justice.

Gliege appealed from a district court judgment declaring that he breached a contract with Spilovoy and ordering him to pay $2,000 damages. We affirm.

The case was tried without a jury. The pertinent findings of fact made by the trial court are as follows:

1. Paul J. Spilovoy, as landlord, and Gary Gliege, as tenant, entered into a written cash farm rental agreement on March 31, 1976 which provided that Gliege would rent for the crop seasons of 1976, 1977 and 1978 the premises more accurately described as follows, to wit: (description omitted) (Finding No. I).

2. The above-mentioned contract specifically provided for the following terms and conditions which are material to this action, as follows:

    a. The agreement called for a cash rental of $12,000 per year.

    b. Cash rental was to be paid in installments of $6,000 on April 1 and October 15 of each of the three crop years (Finding No. II).

3. Spilovoy and Gliege modified the written agreement whereby Spilovoy would

reduce Gliege's annual rental for the year 1977 from $12,000 to $10,000 for the 1977 crop year. This modification was for the year 1977 only and did not apply to any rentals due in 1978 (Finding No. IX).

4. Spilovoy did not acquiesce in reduction of payments for the year 1978 and did not waive payment of the 1978 rentals due from Gliege ... (Finding No. XI).

5. Gliege's October 1978 check (for $6,500, which along with the April 1978 check for $3,500 added up to only a $10,000 payment for 1978) had "final payment" written on it, but the bank's records show that such language was not on the check when cashed by Spilovoy (Finding No. XIII).

6. Gliege did not rely upon representations of Spilovoy when purchasing the additional equipment that he bought in 1977 and 1978 (Finding No. XIV).

7. Gliege either was not interested in renting the property in 1979 or was unwilling to meet the terms of the offer of the current lessee of Spilovoy's property (Finding No. XV).

8. Gliege's claim that Spilovoy would offer him first chance at the property and that Spilovoy failed to do so is unfounded (Finding No. XVI).

9. Gliege suffered no damages in connection with his claim that he relied upon Spilovoy's representation when purchasing additional property and equipment (Finding No. XVII).

Although he described the issues differently, Gliege contends, first, that Spilovoy orally agreed to reduce the 1978 rental by $2,000 in addition to the same reduction allowed for 1977. Second, in the alternative, according to Gliege, an accord and satisfaction was reached reducing the 1978 rental by at least $1,000. Finally, Gliege alleges detrimental reliance upon Spilovoy's representations that Gliege would be allowed at his option to lease or buy Spilovoy's property after 1978. This allegation of detrimental reliance was in the form of a counterclaim which the trial court dismissed. None of the findings of fact are directly challenged.

■ This court will not reject findings of fact unless they are clearly erroneous. Rule 52(a), NDRCivP; *State Bank of Towner, Inc. v. Rauh*, 288 N.W.2d 299, 305 (N.D. 1980). A finding of fact is considered clearly erroneous if "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *Fries v. Fries*, 288 N.W.2d 77, 79 (N.D.1980).

■ With regard to a $2,000 reduction in the 1978 rental, we fail to find clear error in the trial court's determination that the parties reached no such agreement. Oral modification of written contracts is authorized in § 9-09-06, NDCC, but Spilovoy denied that he assented to any continuation of the 1977 arrangement. Gliege, of course, offered contrary testimony. However, it is the province of the trial court to assess the credibility of witnesses, and this court will not reappraise findings based on conflicting testimony. *Bosma v. Bosma*, 287 N.W.2d 447, 455 (N.D.1979).

■ Counsel for Gliege asserts that, whether or not the parties expressly settled on a rent reduction for 1978, as a matter of law the agreement to reduce the rent for 1977 controlled to the end of the lease so that the amount due for 1978 was $10,000. Thus another agreement, he claims, was necessary to restore the 1978 rental to $12,-000. This novel conception is not supported by the law in North Dakota. Granted, a contract may include rights and duties to which the parties may not have expressly assented. See, e.g., Chapter 9–10, North Dakota Century Code. However, within the broad parameters of lawfulness and conscionability, the intent of the parties is the governing principle in matters of contract interpretation. Section 9–07–03, NDCC. Modifications of a contract ordinarily can be accomplished only by a concurrence of the parties. Sections 9–09–05 and 9–09–06, NDCC. Aside from the formulations of statutory authority, the assertion that a contract and its modification are not controllable by the understanding of the

parties is antithetical to the very notion of contract, and we reject any such argument.

■ Gliege did not allege accord and satisfaction in his responsive pleading as required by Rule 8(c), NDRCivP. The trial court made no finding in regard to this defense.

"An issue or contention not raised or considered in the trial court cannot be considered for the first time on appeal." *Hoster v. Hoster*, 216 N.W.2d 698, 702 (N.D.1974).

We decline, therefore, to consider the matter.[1]

■ Gliege sought damages stemming from a claimed expectation that the Spilovoy land would be available to him indefinitely. He allegedly purchased farm machinery that he would need if he had continued access to the Spilovoy land. The purchase of this additional machinery was induced, says Gliege, by Spilovoy's representation that Gliege would have an opportunity to match any bid received on the property.

The trial court found that Spilovoy made no such representation, that Gliege did not rely, and that Gliege suffered no damages. Again we are bound in our review by the "clearly erroneous" standard in Rule 52(a).

Spilovoy was not questioned at trial about his purported offer, and Gliege alone testified to its existence. Whether or not there was such an expression by Spilovoy, the evidence showing that Gliege did not rely and was not damaged prevents us from declaring the court's findings on these matters clearly erroneous. The subsequent lessor of the land, who knew Gliege, stated that he would have declined the lease if Gliege had wanted it. Evidence was introduced showing that Gliege said he was not going to rent the land after 1978. The additional machinery and equipment Gliege purchased is still being used in his current farming operation. Some of the machinery was not purchased until the 1978 harvest. It appears therefore not to have been necessary during the first two years of the lease, and, as the trial judge observed in his memorandum opinion, "it is difficult to imagine why it would take more equipment to farm the land in 1979 than it did in 1976 or 1977." We cannot say that it was a mistake for the trial court to conclude that there was no detrimental reliance.

The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

---

1. Even if Gliege could show an accord, it appears from the record that no satisfaction was ever achieved. Spilovoy therefore would retain the right to sue on the original obligation. Section 9 13 .06, NDCC; *Meske v. Melicher*, 49 N.D. 1160, 194 N.W. 737, 738 (1923).