# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 237

Shift Services, LLC,                                   Plaintiff and Appellant

v.

Ames Savage Water Solutions, LLC,            Defendant and Appellee

### No. 20230217

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Jordon J. Evert, Williston, ND, for plaintiff and appellant.

Trevor A. Hunter, Williston, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1] Shift Services, LLC appeals from a judgment dismissing its breach of contract claim asserted against Ames Savage Water Solutions and the termination of a construction lien. Shift argues the district court erred when it concluded a change of circumstances did not exist relating to the contract between Shift and Ames; erred in finding that Ames did not approve and authorize additional work to be performed by Shift; erred in finding that the contract was not modified by the parties; and erred in interpreting and applying the law governing contracts and agency principles. We affirm.

I

[¶2] In February 2020, Ames accepted a written bid provided by Shift to repair a liner inside a water tank operated by Ames. The bid contained a fixed price of $39,500.00 which was to include all labor, material, and travel time to remove and install the new liner.

[¶3] Prior to submitting the bid, Shift visited the water tank where "a thin crust of ice" was observed on the surface of the water left inside. Around the middle of March 2020, Shift commenced work on the water tank. After removal of a panel, a thicker amount of ice was observed.

[¶4] On March 16, 2020, Shift sent Ames' operational manager a text stating, "[t]he tank by Mandaree has a foot to two feet of ice in it also. Would you want us to remove it like we did the last one so you can get it done this week?" Ames' operational manager responded, "Yes, please." This was the only written communication between the parties regarding ice removal. Shift attempted to remove the ice via a mini excavator but was unable to continue after the mini excavator fell into a sump hole at the bottom of the tank.

[¶5] After the failed attempt to remove the ice with the mini excavator, shift initiated a conference call with Ames to inquire about subcontracting a hot oil truck company to melt the ice. During the conference call, the parties'

discussion was limited to the hourly rate of hot oil trucks. At that time, Shift believed the quantity of ice in the tank and the sump hole created unforeseen and unexpected circumstances giving Shift authority to proceed with a costly and time-consuming method of melting the ice.

[¶6]   Upon completion of the project, Ames paid the contracted amount. Shift also presented Ames with a bill for an additional $31,705.00 related to the ice removal. Ames refused to pay the additional $31,705.00 arguing it did not authorize the use of the hot oil trucks, rates, labor charges, or equipment charges outside the bid.

[¶7]   After Ames refused to pay the additional $31,705.00, Shift recorded a construction lien against the subject property and initiated an action alleging breach of contract and seeking to foreclose on the lien. The issue presented to the district court was whether the contract was modified to include the costs associated with the ice removal. The court found the original contract between Ames and Shift had not been modified because there was a lack of mutual assent to compensate Shift for the additional ice removal work and therefore, Ames did not breach the contract. The court dismissed Shift's breach of contract claim and terminated the construction lien. Shift appealed.

II

[¶8]   Shift advances numerous arguments challenging the district court's factual determinations regarding mutual assent and modification. As an initial matter, we note that Shift does not challenge the formation or existence of the original contract and did not seek to render the initial contract void or voidable. Shift limits its argument to the assertion the contract was modified to include costs associated with ice removal and challenges the finding Ames did not approve and authorize additional ice removal work to be performed by Shift.

[¶9]   Modifications of a contract generally require the mutual assent of the parties. *Spilovoy v. Gliege*, 298 N.W.2d 377, 379 (N.D. 1980); 17A Am.Jur.2d *Contracts* § 500 (2004); N.D.C.C. §§ 9-09-05, 9-09-06. The determination of whether the required mutual assent existed is a question of fact which will not be set aside on appeal unless it is clearly erroneous. *Hartman v. Grager*, 2021

ND 160, ¶¶ 14, 27, 964 N.W.2d 482. A finding of fact is clearly erroneous if it is not supported by any evidence, if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law. *Pfeifle v. Tanabe*, 2000 ND 219, ¶ 7, 620 N.W.2d 167. "A trial court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the trial court." *Edward H. Schwartz Constr., Inc. v. Driessen,* 2006 ND 15, ¶ 6, 709 N.W.2d 733 (quoting *Brandt v. Somerville,* 2005 ND 35, ¶ 12, 692 N.W.2d 144).

[¶10] Although there may have been contrary evidence provided during the trial, the district court was provided evidence supporting a finding there was no mutual intent between Shift and Ames to modify their original agreement. That evidence included testimony Shift never disclosed to Ames that Shift intended to add an additional charge for the time, materials, or equipment to account for the increased cost associated with the removal of the ice. The evidence also included testimony that Shift did not identify the subcontractor it intended to use to assist with the removal of the ice, what equipment would be used during the removal process, the estimated number of hours that would be involved, or that the increased work would result in additional charges to Ames. The court was free to choose between any conflicts in the evidence in making its findings, there is evidence in the record to support the findings, the court did not misapply the law, and we are not left with a definite and firm conviction a mistake was made in the findings. We conclude the court's finding there was insufficient mutual assent to modify the contract was not clearly erroneous.

III

[¶11] The district court's finding there was a lack of mutual assent to modify the terms of the parties' agreement was not clearly erroneous. We decline to address Shift's remaining arguments as either unnecessary to our decision or without merit. We affirm.

3

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr